Robbins vs. Kountz.

## ROBBINS vs. KOUNTZ.

VACATING JUDGMENT. *(1) When denial of motion on one ground does not bar relief on another. (2) When time under sec. 38, ch. 125, R. S. 1858, begins to run. (3)* Laches: *Conditional relief against judgment.*

1. An order denying a motion to set aside a judgment *for fraud,* is no bar to a motion for relief under sec. 38, ch. 125, R. S. 1858.
2. Where the attorney employed by a party ceases to be his attorney before receiving notice of a judgment against him, such party may move for relief under sec. 38 at any time within a year after he himself has such notice.

3. The judgment defendant in such a case *held* not guilty of *laches* in waiting until his first motion was determined, before moving for relief under sec. 38; and, under the circumstances of this case (for which see the opinion), although he delayed such second motion for five months after the denial of the first, there was no abuse of discretion in letting him in to defend, on condition that he pay the costs of the first trial and of the motion, and that the judgment already rendered stand as security for any judgment thereafter recovered by plaintiff in the action.

APPEAL from the Circuit Court for *Clark* County.

This appeal was taken by the plaintiff from an order of the court. The motion papers disclose the following facts:

The action is for a malicious trespass upon land and for cutting and removing therefrom trees, logs and timber. The original complaint described the *locus in quo* as the *east* half of a specified quarter section of land, and demanded judgment for $500. The defendant answered, first, a general denial; and secondly, that at the time of the alleged trespass he was and ever since has been, the owner in fee of the land described in the complaint.

The cause was called for trial at the September term, 1876, of the circuit court for Clark county. The attorney for the defendant was present, but interposed no defense to the action. The defendant was not present in person. When the cause was called, the attorney for the defendant stated to the court that "his client had run away and left the state, and had abandoned him, and that he would interpose no defense." The court then allowed the complaint to be amended by changing the description of the *locus in quo* from the *east* half to the *south* half of the specified quarter section, and by raising the demand for judgment to $1,500. The trial was had without a jury, and the court subsequently found all of the issues for the plaintiff, and ordered judgment in his favor for $1,040. The finding is dated September 15, 1876, and judgment in accordance therewith was docketed on the 21st of the same month.

On the 11th of October, 1877, defendant moved the court, at a general term thereof, to set aside the judgment and award a new trial on the ground that the judgment was fraudulently obtained. This motion was denied, and no leave to renew it was ever granted by the court.

At a general term of the circuit court for Monroe county, which was also a special term for Clark county, commencing on the first Monday in April, 1878, the defendant moved the court for relief against the judgment, and to be let in to defend the action upon reasonable terms, on the grounds of mistake, inadvertence, surprise or excusable neglect. R. S. 1858, ch. 125, sec. 38. This motion was granted on terms that defendant pay the costs of the first trial and of the motion, and that the judgment stand as security for any future judgment the plaintiff might recover. From this order the plaintiff appealed.

A further statement of the contents of the motion papers will be found in the opinion.

For the appellant, a brief was filed by *MacBride & Grundy*, and the cause was argued orally by *S. N. Dickinson*. To the point that the denial of the first motion was a bar to the second, they cited *Kabe v. The "Eagle,"* 25 Wis., 108; *Branger v. Buttrick*, 28 id., 540; *Moll v. Benckler*, id., 611; *Bonesteel v. Orvis*, 23 id., 506; *Corwith v. State Bank*, 11 id., 430; *Pierce v. Kneeland*, 9 id., 23; *Hill v. Hoover*, id., 15; *Hall v. Emmons*, 8 Abb. Pr., N. S., 451; *Pattison v. Bacon*, 21 How. Pr., 478; *Mills v. Thursby*, 11 id., 114; *Bellinger v. Martindale*, 8 id., 113; *Snyder v. White*, 6 id., 321.

*John J. Cole*, for the respondent.

LYON, J.    I. The order denying the motion to set aside the judgment for fraud is not a bar to a motion for relief under sec. 38, ch. 125, R. S. 1858. The motions are of a different nature, and are necessarily based upon entirely different facts. The first was founded upon an alleged right; the latter was an

appeal to the court to exercise a discretionary power in favor of the moving party. No doubt the denial of a motion to vacate a judgment for specified irregularities is a bar to another motion to vacate it for the same or some other irregularities, unless the first motion is denied without prejudice, or leave is first granted to renew it. Most of the cases cited by the learned counsel for the appellant are of this class. In like manner the denial of a motion for relief under section 38, based upon certain specified facts, may be a bar to a similar motion based upon the same or other facts, unless like leave be first granted. But this case does not belong to either of these classes. It is more nearly analogous to a very common proceeding in actions of ejectment. In those actions it is the frequent practice for the defeated party to move to vacate the judgment for irregularity, and, if the motion is denied, to pay the costs and take a new trial under the statute (R. S. 1858, ch. 141, sec. 20). That this is correct practice will not be questioned. In ejectment the right to a new trial is given by the statute as a favor and on terms; in this case the relief was granted by the court pursuant to the statute, but also as a favor and on terms. We think no case has been cited (certainly none in this state), which holds that an order denying a motion to vacate a judgment for irregularity is a bar to a motion for relief under section 38; and no satisfactory reason has been suggested why such a rule should be adopted.

II. We find no evidence in the motion papers that the defendant had actual notice of the entry of judgment before September, 1877; or that his attorney had any such notice until after he had practically ceased to be his attorney in the case, and then only incidentally. We conclude, therefore, that the motion for relief under section 38 was made and granted within one year after notice to the defendant of the judgment.

III. Doubtless the neglect of a party to move promptly for relief under section 38, is an element to be considered by the circuit court in deciding the motion. However, we do not

think it was laches on the part of the defendant to await the determination of his motion to vacate the judgment for fraud, before moving under section 38 — nothing appearing in the record to show that the first motion was not made in good faith.

After the first motion was decided, the defendant waited over five months — that is, from October 19, 1877, to March 28, 1878 — before he noticed his motion for relief under section 38. During that time three general terms of the circuit court were held in other counties of the circuit, and these were also special terms for Clark county, at which the motion might have been made. A general term was also held in Clark county on the first Monday in March, 1878, pursuant to ch. 35, Laws of 1878, which took effect February 27th in that year. Before ch. 35, the corresponding term commenced on the third Monday in April. Laws of 1877, ch. 1.

We are not prepared to say that due diligence required the defendant to move for relief against the judgment in any other than Clark county, but we should be better satisfied had he moved at the March term in that county. Yet, in view of the facts that the law changing the term from April to March took effect only five days before the term commenced, and that the motion was made at the first special term thereafter, we are unable to say that the circuit court erred in holding that the defendant had not been guilty of such laches as would defeat his motion.

IV. On the merits of the motion a few remarks must suffice. The defendant left the state a short time before the term was held at which the judgment against him was obtained. The motion papers show that he wrote to his brother in Neillsville (where his attorney also resided) to see his attorney and have him defend the action in his absence, as he supposed it could be successfully defended by testimony of record there; but that his brother neglected to comply with such request because he deemed it quite unnecessary to do so, and hence the

action was undefended.    There is some confusion of dates, but there seems to be little room for doubt that the letter was written and received before the cause was reached for trial. It is also apparent that business troubles hastened the departure of the defendant from the state, and this may be a reason why he did not confer personally with his attorney before leaving.    Moreover, when he left the state, the plaintiff's claim in the action was only $500, and the defendant could not then know that on the trial he would be called to defend a claim, not only for a trespass upon lands not specified in the original complaint, but for three times the amount of the original demand.    Upon these facts, and others, perhaps, of less importance, the circuit court reached the conclusion that the defendant had made a case for relief under section 38; and in the exercise of its discretion the relief was granted upon proper terms and with proper restrictions.    Upon the whole case we are unable to say that this was an improper exercise of discretion.

*By the Court.* — The order appealed from is affirmed.

RYAN, C. J., took no part.