### WEBER *et al* v. TSCHETTER *et al.*

1. Where an issue is formally presented to the court, and determined upon a full hearing of both sides, the same being subject to review by appeal, such determination is final and conclusive as to all matters necessarily embraced in such litigation, without regard to the form of the proceeding, whether by action or motion.

2. But an order denying a motion to vacate a judgment on the ground, principally, that the defendant had not been served with summons, is no bar to a motion under Section 4939, Comp. Laws, for relief from such judgment on the ground of mistake, inadvertence, surprise, or excusable neglect.

3. An order vacating a judgment as to the moving defendant, and letting him in to defend, is appealable under Subdivision 2, ₴ 5236, being an order affecting a substantial right, upon a summary application in an action after judgment.

4. Whether in any case the notice contemplated by said Section 4939 may be less than actual notice is not determined; but *held*, in this case, that the proofs show that the motion was made within a year after defendant had either actual or constructive notice of the judgment, and was therefore in time.

5. The assignee of a judgment stands in no better position than the original plaintiff, and the judgment may be vacated in the assignee's hands for the same reasons that would justify such vacation in the hands of the plaintiff.

6. Upon the proofs on the hearing of the motion below, *held* that there was no abuse of discretion in granting the order appealed from.

(Syllabus by the court.   Argued March 2, 1890.   Opinion filed June 25, 1890.)

Appeal from circuit court, McCook county.   Hon. FRANK R. AIKENS, Judge.

Motion to set aside a judgment entered upon default and for leave to answer.   Allowed.   Plaintiff appeals.   Modified and affirmed.

The facts are stated in the opinion.

*R. B. Tripp* for appellant.

The decision on the July motion was conclusive of this application under the doctrine of *res judicata.*   Comp. Laws, § 5236; Freeman Judg. § 325; Louis v. Brown. 109 U. S. 162; Hanson v. Hanson, 20 Pac. 736; Hawk v. Evans, 41 N. W. 368; Foley v. City, 3 N. Y. S. 47; Craig v. Casby, 8 S. W. 185; Johnson v. Latta, 84 Mo. 139; Meyer v. Sharp, 42 N. W. 757; Second Ward Bank v. Upman, 14 Wis. 596.   Even should it be held that the issues involved in the two motions were not the same, still the issue as to the service of the summons would be *res judicata.*   Yerkes v. McHenry, 6 Dak. 5; McMicken v. Perin, 18 How. 505 Baptist v. Farewell, 29 Fed. 180.   Assuming the process was not served, the defendant cannot, even as against the original plaintiff, contradict the sheriff's return and the adjudication of service and appearance.   Thompson v. Ireland, 11 S. W. 653; Stewart v. Stewart, 27 W. Va. 167; Sergeant v. Mead, 1 N. Y. S. 589; Chapline v. Robertson, 44 Ark 202; Stratton v. Lyon, 53 Vt. 130; Hunter v. Stoneburner, 92 Ill. 75; Crosby v. Farmer. 40 N. W. 71; Wendall v. Mugridge, 19 N. H. 109; Carr v. Bank, 16 Wis. 50; Foster v. Hanswirth, 6 Pac. 19; Coon v. Welburn, 83 Ind. 230.   The application to set aside the judgment and proceedings was not made in time, Comp. Laws, § 4743; McLean v. McLean, 84 N. C. 366.

*N. J. Cramer,* for respondent, Wipf.

An order opening a default is not appealable.   Harris Mf'g Co. v. Walsh, 2 Dak. 41; Cockle S. M. Co. v. Clark, 37 N. W. 628; Appeal of English, 13 At. 479; St. Clair Co. v. Livingstone, 18 Wall 628; People v. Hamilton, 39 N. Y. 107.   The first mo- tion to vacate was based upon the ground that no service of summons had been made, and could be no bar to the second, which was based upon § 143 of the Code Civ. Proc.   The evi- dence was sufficient.   Gray v. Hayes, 42 N. W. 594; German v. Schwartz, 21 Wis. 668; Schaetzel v. Ins. Co. 22 Wis. 412; Rub- inson v. Merrill, 22 Pac. 260;  Reclamation District v. Coghill, 56 Cal. 607; Sclover v. Forbes, 22 How. Pr. 477.

The doctrine of *res judicata* does not apply to motions. Freeman on Judgments, §§ 325, 326, 511; Simson v. Hart, 14 John's 63; Belmont v. R. R. Co. 52 Barb. 627; Easton v. Pickers- gill, 75 N. Y. 599; Ford v. Doyle, 44 Cal. 635; Briggs v. Clarke, 37 Cal. 236; Coates v. Clarke 7 Robt. 43.   The return of the sheriff is conclusive against every one but the defendant; he may impeach it.   1 Waite's Prac. 542, 558;  Van Renselaer v. Chadwick, 7 How. 297; Wallen v. Lott, 15 How. 567.

KELLAM, J.   On the 24th day of March, 1885, in the dis- trict court of McCook county, Dak., judgment was taken in open court in favor of George W. Weber, plaintiff, and against Jacob Tschetter and Elias Wipf, defendants.  The return of the sheriff of said McCook county showed that the summons was personally served upon said defendants by delivering to and leaving with each of them a true copy thereof.   Mr. Wilson, an attorney of said court, gave notice of retainer to plaintiff's attorneys in said action, and that he appeared for defendants therein, demanding a copy of the complaint.   Afterwards, upon affidavit of one of plaintiff's attorneys of the service of such complaint upon said Wilson more than 30 days prior thereto, and that no answer or demurrer had been received, and upon due notice to said attorney, Wilson, of the applica- tion, judgment was taken in said action against said defendants. as above stated.   On the 24th day of December, 1884, and about the time of the commencement of the action, a warrant of attachment was issued in said action to the sheriff of said

McCook county, who made return thereon that, as to defend-
ant Wipf he had executed the same by levying upon certain
lots in Bridgewater, in said McCook county, and by showing
the original warrant of attachment to him, the said Wipf. The
warrant of attachment was also issued to the sheriff of Hutch-
inson county, who made return that on the 27th day of Decem-
ber, 1884, he served the same by attaching certain real estate
in said county as the property of·said defendant Wipf, and that
he (said Wipf) could not be found in his county. Notice of *lis
pendens* was on the 26th day of December, 1884, filed and re-
corded in the proper office in said Hutchinson county as to the
land so attached. On the 30th day of March, 1889, the judg-
ment was, for a good and valuable consideration, paid by him,
assigned to appellant Wetherby. On the 6th day of May, 1889,
the said judgment, having never before been filed in the office
of the clerk of the said district court, was so filed, and ex-
ecution issued thereon. In July, 1889, defendant Wipf, the
respondent herein, moved the said district court of McCook
county "that the judgment, execution, attachment, and all pro-
ceedings had thereunder, should be set aside, and declared null
and void, as to him, and that the notice of *lis pendens*·filed in
the office of the register of deeds of Hutchinson county be can-
celed." This motion was made upon, and supported by, the
affidavit of Wipf and others; Wipf's affidavit stating, generally,
that no service of the summons or any other paper in said ac-
tion was ever made upon him, or left at his residence; that he
never was a member of the firm of Tschetter & Co., as is al-
leged in the complaint in the action, nor in any manner inter-
ested in their business; that he never bought any goods of,
nor became in any way indebted to, plaintiff; that, until
shortly before the date of his said affidavit and motion, he had
never heard of this case, nor of the attachment or judgment
against him; that he could not read, write, or speak the En-
glish language in 1884 or 1885; and that he never employed,
nor authorized the employment of, said Wilson to appear for
him in the case, nor had he any knowledge of such appearance.
The affidavit of the other defendant, Tschetter, corroborated

Wipf's statement that he never was a member of, nor interested in, the firm of Tschetter & Co. or its business, and was not in any manner interested in the purchase of the goods on account of which the said action was brought; that when he (Tschetter) was served with summons in said action, the sheriff left a summons with him for said Wipf, but did not serve the same on him personally; and that he (said affiant) did not inform said Wipf in regard to the summons, nor deliver the same to him. Other affidavits tended to confirm the statements of Wipf as to his interest in the partnership of Tschetter & Co.

Opposing the motion, Wetherby, the assignee of said judgment, and the appellant herein, presented his own affidavit stating that he purchased the same for a valuable cash consideration, relying upon the levy of the attachment, the notice of *lis pendens*, and other matters of record, believing the same made such judgment secure; that subsequently to the levy of said attachment, and the filing of said *lis pendens*, as appeared by the records of said court, several other judgments (particularly naming them) had been entered and docketed against said firm of Tschetter & Co., composed of Tschetter and respondent Wipf, on personal service of the summons on said Wipf by said sheriff; that, at the time of the contracting of the indebtedness represented by said judgment, it was generally regarded by merchant creditors that said Tschetter and said Wipf constituted the said firm of Tschetter & Co., and that, if the judgment were vacated, no other judgment could be collected against either of said defendants, because of their insolvency. The affidavit of Mathew White that he was the sheriff of McCook county, who made the service of the summons on said respondent Wipf; that the statements of the return were true; that his best recollection was that when he made such service upon said Wipf, he (said Wipf) was sitting on the counter in the store of said Tschetter & Co.; that he was well acquainted with said Wipf, and that, at about that time, he served a great many other papers on him as a member of the partnership of Tschetter & Co.; and that the statement in the affidavit of

VOL. 1, S. D.—14.

Tschetter as to his leaving a copy of the summons with him (Tschetter) for Wipf was wholly untrue. The affidavit of W. H. Baldwin, tending to corroborate Wetherby's affidavit that respondent Wipf was generally reputed to be a member of the firm of Tschetter & Co. The affidavit of H. H. Pierce, clerk of the court in which said judgment was rendered and filed, that there were several other judgments docketed in said court against said Tschetter and Wipf, in two of which the return on the summons showed personal service of the same on defendant Wipf; that the records of said court also showed that a case wherein Young et al. were plaintiffs, and the said Tschetter and Wipf, as partners under the firm name of Tschetter & Co. were defendants, was referred to Jones, referee; that as appeared from said referee's report, on file in said court, the said Tschetter testified, among other things, as follows: "Question. Who was the other member of the firm of Tschetter & Co.? Answer. Elias Wipf. Q. When was the firm of Tschetter & Co. formed, with Jacob Tschetter and Elias Wipf as sole partners? A. I cannot tell the date. Q. State as near as you can. A. It was some time in October, 1884."

Upon the hearing of said motion and application upon the foregoing proofs, the court denied the same, to which ruling defendant Wipf duly excepted; and a stay of proceedings was granted for the purpose of an appeal from the order by defendant Wipf. Afterwards, and on the 13th day of November,· 1889, the said Wipf, on due notice, moved the circuit court of said county of McCook—it having, by the admission of the State of South Dakota, become the successor of the said dis· trict court—"that the judgment entered by default against him herein, and all subsequent proceedings, be set aside, the default opened as to him, and that he be let in to defend the· action. Upon the hearing, and in support of this motion, respondent Wipf introduced and read his own affidavit, reciting, substantially, the same facts set forth in his affidavit on the former motion, together with the affidavits of the same parties whose affidavits were used upon the hearing of the former motion. They were not the same affidavits, nor identical in form

or expression, but covered the same ground, and were not substantially different. In opposition, appellant Wetherby presented the same affidavits used by him on the hearing of the former motion, and also the first motion itself, the affidavits used in its support, and the order of the court upon its hearing. Upon the hearing of this motion, and upon these proofs, the court granted the motion, setting aside such judgment and default as to said Wipf, and letting him in to defend against said action, allowing, however, the judgment, attachment, and levy thereunder to stand as security for plaintiff's claim, to abide the event of the action, staying all proceedings in the meantime thereunder; and from this order Wetherby takes this appeal.

The appeal is met at the threshold by the objection of respondent that such order is not appealable. We think the order is clearly embraced by, and is appealable under Subdivision 2, of Section 5236, Comp. Laws, being an order affecting a substantial right upon a summary application in an action after judgment,—observing, however, in explanation, that said Section 5236 was transplanted bodily from the statutes of Wisconsin, except, as reproduced and printed in our statutes, the word "after," preceding "judgment," appears as "for." This is so evidently a clerical or typographical error, and is so generally understood and accepted as such, that we read the statute, and construe its effect, as though its expression were "summary application in an action after judgment." The same provision, identically or substantially, is found in many other states, fully justifying, and we think necessitating the liberty we have thus taken with its phraseology as printed.

The appellant contends that when the court considered and passed upon the first motion of respondent Wipf, "that the judgment, execution, attachment and all proceedings had therein, should be set aside and declared null and void, as to him, and that the notice of *lis pendens* filed in the office of the register of deeds of Hutchinson county be canceled," denying the same, it was a judicial determination of the facts involved, and the rights of the parties thereon, so as to be conclusive and final, and that all matters properly embraced in such applica-

tion, and directly passed upon, were *res adjudicata*, and not subject to re-examination under the second motion. Replying to this, respondent insists that the doctrine of *res adjudicata* does not apply to motions, and cites a number of authorities to support such view. Some of these cases do state such rule in general terms. Most of them, however, are cases of motions addressed to the discretion of the court, not involving strict legal rights, nor subject to review on appeal. We think that where an issue of fact is distinctly and formally presented to the court for determination, as a means of fixing the legal rights of the parties, the supporting evidence of both sides duly considered, and from which determination either party may appeal, the decision of the court upon such issue ought to be held conclusive and final, without regard to the form in which such issue is presented,—whether by action or motion; the important matter being that the issue be well defined, so as to preclude doubt as to what question was before the court; that it be fully heard and litigated, each side having an opportunity to be heard; and that the court should judiciously pass upon and decide it. This being done, the determination as to the facts and rights involved should be final. In Wilson Co. v. McIntosh (Kan.), 1 Pac. Rep. 572, the court (BREWER, J.) says: "We think there is a growing disposition to enlarge the scope of the doctrine of *res adjudicata*, and to place more regard on the substance of the decision than on the form of the proceedings. One thing which indicates this is the increased facility of review in the appellate courts. * * * Now, that the decision of a motion can be preserved in a separate record, and taken up by itself, presupposes a full and careful consideration in both the trial and appellate courts; and, when that is had, it would seem that the question thus separately and carefully considered should be finally disposed of, and not be thrown back for further litigation at the mere caprice of either party." In Mabry v. Henry, 83 N. C. 298, it is said: "The principle of *res adjudicata* does not extend to ordinary motions incidental to the progress of a cause, * * * but it does apply to decisions affecting a substantial right subject to review in an appellate court." In

Dwight v. St. John, 25 N. Y. 203, the order of the court deny-
ing a motion to cancel a judgment entered by confession, being
appealable as affecting a substantial right, was held conclusive
between the parties as to all matters actually involved and
tried. "The reasons assigned for investing courts with a dis-
cretionary power in rehearing matters decided upon mo-
tion and applicable only to those proceedings from which no
redress can be obtained by appeal." Freem. Judgm. § 325.

In the first motion, the principal fact in dispute was as to
the service of summons upon defendant Wipf; and the court
was asked to set aside the judgment as "null and void," a mat-
ter of absolute right as to him, if no such service was made.
The court must have found against such claim of non service;
otherwise the motion to vacate the judgment could not have
been denied. If there had been no service, there could have
been no valid judgment; and a refusal to vacate the judgment
on that issue was equivalent to, and could only follow a finding
that the defendant was served with process. We regard this
question of service as conclusively settled by the decision of
the first motion, and the second motion, which is the subject of
this appeal, must be considered and disposed of upon that
theory.

The second motion was an application addressed to the dis-
cretion of the court, that the said judgment as to defendant
Wipf, and all subsequent proceedings, be vacated, and he let
in to defend, under the provisions of Section 4939, Comp. Laws,
which reads as follows: "The court may likewise, in its dis-
cretion, and upon such terms as may be just, allow an answer
or reply to be made, or other act to be done, after the time
limited by this Code, or by an order enlarge such time, and
may also, in its discretion, and upon such terms as may be just,
at any time within one year after notice thereof, relieve a party
from a judgment, order, or other proceeding taken against him
through his mistake, inadvertence, surprise, or excusable neg-
lect," etc. Appellant claims that this application was not
in time; the judgment having been rendered in 1885, and the
application made in 1889. Whether in any case the notice con-

templated by this section may be less than actual notice, it is not now material to inquire. Respondent Wipf swears—and nothing appears to discredit his statement—that he had no notice nor knowledge of this judgment until the spring of 1889, shortly before his first motion, and the incidental facts stated in his and other affidavits strongly tend to corroborate such statement; and we think the record shows no facts upon which he should be charged with constructive notice, even if such notice were sufficient. It is undisputed that while this judgment was actually signed by the judge in open court on the 24th day of March, 1885, the same was not filed so as to become a part of the records of the court until May 6, 1889. The plaintiff was alone responsible for this; and, whatever may have been the cause or the excuse for so long withholding this judgment from the records of the court, the fact remains that it was so withheld, and the consequent fact of non-notice by it to respondent Wipf of the existence of such judgment.

Appellant refers us to Section 4743, Comp. Laws, reading as follows: "Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself,"—and argues that, if the court had found that respondent Wipf was duly served with process, such fact of service was sufficient to put him, as a prudent man upon inquiry for the judgment; but the answer is: Such inquiry would have been entirely fruitless. If inquiry was incumbent upon him, such duty was fully discharged by inquiry at the very place where he had a right to expect to find the information it was his duty to seek, to-wit, at the office of the clerk of the court. It does not appear but that he did make such inquiry; but, whether he did or not, he was, and could have been, no wiser for it. He would have found no record of the judgment there; and the very inquiry with which he is charged with laches for not making, if he did not, would only have justified his ignorance of the fact of judgment, and would rather have tended to establish the opposite fact, or at least an

honest belief in it, even as to him, that there was no judgment.

This motion in the court below was opposed by Wetherby, assignee of the judgment, and this appeal is taken by him; and it is urged that, whatever might be the power or duty of the court as between the original parties to the action, the record cannot be contradicted as to him, he having acted on the faith of it. But, so far as this objection goes to the merits of the order appealed from, it is sufficient to say that the order does not involve a contradiction of the record, but a full recognition of it. It admits the verity of the record, but affords relief on grounds independent of and consistent with it; and it can hardly be maintained that appellant, as assignee of the judgment, stands in any better position than his assignor. The judgment in his hands may be vacated or set aside for the same cause that would justify such vacation in the hands of the original plaintiff. Northam v. Gordon, 23 Cal. 255; Freem. Judgm. (2d Ed.) § 427.

Nor is it material to inquire whether, under the facts of this case as they are before the court, respondent Wipf is bound by the appearance of attorney Wilson; for such appearance, if full and unquestioned, would not stand in the way of granting the relief afforded by this order. In many of the cases where relief is given under the provision referred to, the party relieved has appeared by attorney. In Robbins v. Kountz, 44 Wis. 558, it was held that where the attorney employed by a party, and who had appeared and put in answer for him, ceased to be his attorney before receiving notice of judgment against him, such party might move for relief under this section at any time within a year after he himself had such notice.

While holding, as we do, that the matters litigated and determined by the court on the first motion became and were *res adjudicata* as to the same matters in the second motion, it does not follow that the decision of the first motion was necessarily decisive of the second. The motions were of a different nature, and must, necessarily, have been determined upon different facts. The first was founded upon an alleged right to have the judg-

ment vacated and declared "null and void" because respondent Wipf had never had his day in court. The second was an appeal to the court to exercise its discretionary power in his favor on the ground of his "mistake, inadvertence, surprise, or excusable neglect;" and, although the affidavits used upon the hearing of both motions were substantially the same, it is evident that the facts necessarily involved in the determination of the first motion could have had little significance, or even relevancy, in the determination of the second. The first motion was based upon an alleged strict legal right. The second was an appeal to the discretion of the court,—a legal discretion, to be sure, to be controlled and exercised by and under established rules of law. Still, it is a discretion, the exercise of which will not be reviewed by an appellate court except in cases of abuse. This rule is so well understood, and so generally recognized, as to require no reference to authorities.

With all the facts before it, upon an affidavit of merits, and the proposed answer of respondent, and, as we think, within the limits of its discretionary power, as conferred and defined by law, it granted and made the order appealed from, vacating the judgment and default, as to respondent Wipf, to the extent of allowing him to come in and defend,—the levy under plaintiff's attachment to stand as security for the judgment against him, if one should be rendered on the trial; and with this order, the result of such discretion, we cannot interfere. The order of the court below is affirmed. All the judges concurring.