## CORNWALL V. McKINNEY.

1. The discretion give to a trial court by Comp. Laws, Sec. 4918, to require a reply to an answer which contains new matter constituting a defense by way of avoidance, will not be reviewed except in cases of abuse.

2. Usually a motion by defendant for the court to require plaintiff, under Comp. Laws, Sec. 4918, to reply to new matter contained in the answer, should be granted, because the system of practice in use is designed to limit and define issues so far as practicable.

(Opinion filed Aug. 19, 1896.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Action by Andrew Cornwall against Charles E. McKinney upon certain certificates of deposit. From an order denying defendant's motion to require plaintiff to reply to new matter in the answer defendant appeals. Affirmed.

The facts are stated in the opinion.

*Aikens, Bailey & Voorhees,* for appellant.

The order of the trial court in refusing to require a reply to be served to the new matter set up in the answer was an abuse of discretion. § 4918, Comp. Laws; Hubbell v. Fowler, 1 Abb. Pr. N. S. 1; Cavenaugh v. Oceanic S. S. Co., 9 N. Y. Supp. 198; Schwan v. Life Ass'n., 9 Civ. Pro. 82; Watson v. Phyfe, 20 Weekly Digest 372; Rogers v. Life Ass'n, 1 How. Pr. (N. S.) 194; Brinkerhoff v. Brinkerhoff, 8 Abb. N. C. 207; Steinway v. Steinway, 22 N. Y. Supp. 945; S. C. 68 Hun. 430; Bank v. Bank, 25 N. Y. Supp. 1068; S. C. 73 Hun.; Cauchois v. Proctor, 29 N. Y. Supp. 770.

*N. J. Cramer,* for respondent.

When the new matter set up in the answer does not constitute a counter-claim, no reply is necessary or allowable, except under order of the court. Devlin v. Bevens, 22 How. 290; De Leyer v. Michals, 5 Abb. 203; Avery v. Railroad, 6 N. Y. S. 547.

HANEY, J. In this action plaintiff seeks to recover upon certain certificates of deposit, alleged to have been issued by defendant and one George R. Scougal, as co-partners, at different times between June 17, 1890, and March 4, 1892. Mr. Scougal died January 14, 1893. An amended answer, containing numerous denials, was served, which alleges in substance, that the co-partnership once existing between defendant and Scougal was dissolved, and plaintiff had actual notice of the dissolution before he received the certificates sued upon, and that a receiver was appointed of the estate of Scougal, in Yankton county, who has paid a dividend of 40 per cent. on all proved claims, but that plaintiff has neglected and refused to

present his claim to such receiver, and he has thus failed to receive 40 per cent thereof. Upon the pleadings and proceedings herein, defendant moved the court for an order requiring plaintiff to reply to the new matter in his answer. The motion was denied and defendant appealed.

When an answer contains new matter constituting a defense by way of avoidance, the court may, in its discretion, on the defendant's motion, require a reply to such new matter. Comp. Laws, § 4918. Whether or not the order is appealable need not be decided. Defendant's motion was an appeal to the discretion of the court,—a legal discretion, to be sure, to be controlled and exercised by and under established rules of law. Still, it is a discretion, the exercise of which will not be reviewed by an appellate court, except in cases of abuse. Weber v. Tschetter, 1 S. D. 205, 46 N. W. 201. The material allegations of the answer are these: The acts done by defendant and Scougal to dissolve the co-partnership manifestly within the knowledge of defendant; the appointment of a receiver, and the payment of a dividend, matters of record equally available to either party; and the fact of actual notice to plaintiff, within his personal knowledge, of course, but evidently known also to defendant. It would have done no harm, so far as we can discover, to have required a reply, No serious inconvenience will result if defendant is compelled to sustain the affirmative portions of his answer by evidence, which, in the nature of the case, must be easily attainable. Usually, such motions should be granted, because our system of practice is designed to limit and define issues so far as practicable; but the allowance or denial of this motion was intrusted to the discretion of the circuit court, not to the discretion of this court, and, such discretion not having been abused, the order of the learned circuit court must be affirmed.