WAWRZYNIAKOWSKI, by guardian *ad litem,* Respondent, vs. HOFFMAN & BILLINGS MANUFACTURING COMPANY, Appellant.

*January 9—January 26, 1909.*

*Dismissal and nonsuit: Effect: Attorney and client: Termination of authority: Judgment: Vacating: Time of application: Amendment: Discretion.*

1. The legal effect of an order that "the action be and is hereby dismissed without costs to either party," is to terminate the action.
2. The entry of an order dismissing an action without costs terminates the authority of counsel, except such as is incident to receiving notice of that order.
3. Where an attorney ceases to be such for a party before receiving notice of an adversary proceeding, the year within which, under sec. 2832, Stats. (1898), the party may seek for relief from such

proceeding does not commence to run until the party, himself,. has notice.

4. Where plaintiff's counsel, after the termination of his authority by the dismissal of the action without costs, consents to the entry of a judgment of dismissal on the merits without his client's knowledge or consent, it is no abuse of discretion to proceed to correct the judgment so as to show that the action was dismissed without prejudice to the right to commence over again.

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

An order was made by the superior court of Milwaukee county, presided over by Hon. J. C. LUDWIG, judge of said court, December 6, 1902, pursuant to a motion of defendant's attorneys, based on a stipulation, dismissing the action without costs to either party. No formal judgment was entered. January 8th, thereafter, a second order was entered in the action by said superior court, Hon. ORREN T. WILLIAMS,. judge presiding, for a judgment dismissing the case upon the merits without costs to either party, such order being obtained without notice to plaintiff's attorney. The plaintiff was a minor. November 8, 1907, Glicksman & Gold, attorneys, were duly substituted for plaintiff's former attorney and the next day moved the court on notice to set aside the judgment entered as aforesaid, said motion being made in the circuit court before Hon. J. C. LUDWIG, circuit judge, which court was the successor to the superior court presided over by said LUDWIG and by said WILLIAMS when the first order and the second order and judgment were made. The motion was based on due proof that the judgment was rendered pursuant to an arrangement between the defendant's attorneys and the plaintiff's without the matter being brought to the attention of the guardian *ad litem* for the infant plaintiff and that such guardian had no knowledge of any of the proceedings dismissing the case until about October 22, 1907, when he immediately employed an attorney and caused pro-

ceedings to be taken to obtain relief from the unauthorized disposition of the cause. The defendant answered by affidavit that the case was disposed of by an arrangement entered into in good faith by the defendant, acting by its attorney, and the attorney for the plaintiff, whom defendant's attorney supposed was duly authorized in the matter, whereby it was agreed that the action should be dismissed and the claimant should be re-employed by the defendant; that after an arrangement to that effect was duly made, for the purpose of having it evidenced in writing plaintiff's attorney addressed defendant's attorney a letter suggesting suitable employment of the plaintiff by the defendant as a method of satisfying his claim and avoiding the uncertainties of a lawsuit, to which defendant's attorney replied by letter that upon a proper release of any claim the plaintiff might have he would be re-employed and his doctor's bill would be paid; that pursuant to such suggestion plaintiff was re-employed, his doctor's bill was paid, and the cause was dismissed by stipulation, which did not specify whether the dismissal should be upon the merits or be a mere dismissal.

There were further affidavits to the effect that neither plaintiff nor his guardian *ad litem* consented to any settlement of the case, or knew of any such settlement, and denying that any liability for a doctor's bill, such as defendant paid, was incurred by plaintiff or his father. Before the motion aforesaid was disposed of a second motion was made for a correction of the judgment of dismissal so as to show that the cause was not dismissed upon the merits, but was dismissed without prejudice to the right to commence over again. Both motions were heard together, resulting in an order, February 24, 1908, correcting the judgment of dismissal upon the ground that it was entered inadvertently as on the merits. From such order this appeal was taken.

The cause was submitted for the appellant on the brief of *Doe & Ballhorn.*

For the respondent there was a brief by *Glicksman & Gold,* and oral argument by *W. L. Gold.*

MARSHALL, J.    It is plain from the statement that the stipulation authorized only a mere dismissal of the action and the first order was entered in exact conformity therewith. In terms and legal effect it terminated the action.    The language thereof was that "the action be and is hereby dismissed without costs to either party."   That certainly ended the proceeding (2 Wait, Prac. 515), leaving nothing further for appellant's attorney to do in regard thereto.

It follows that the subsequent proceedings were entirely unnecessary and outside of anything contemplated mutually by the parties, if not unwarranted.    In any event, the action having been absolutely ended by the entry of the order, respondent was not bound by the person who acted as his attorney therein in receiving notice of the subsequent proceedings.

The termination of the litigation,. not by a closing thereof by judgment, which of course might leave the attorney, for the time being at least, authorized to stand for respondent in any further proceedings upon the judgment, but by removing the litigation entirely from the court, ending it for all purposes, necessarily ended the authority of the attorney.

The question arises, in light of the foregoing, whether, at the time of the application for relief from the second order and the judgment based thereon, respondent was within the year period of sec. 2832, Stats. (1898), which provides that "the court or a judge may likewise, in discretion and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him, through his mistake, inadvertence, surprise or excusable neglect. . . ."

It is conceded that no notice of the proceedings complained of came to the knowledge of respondent till shortly before the

application for relief therefrom was made, unless notice to
the attorney was, in legal effect, notice to the party.    Doubt-
less the statute contemplates such to be all the notice required
to set the year period running so long as the attorney's gen-
eral authority in the action continues, and doubtless it con-
tinues in case of a dismissal for the purpose of receiving
notice of the final order in that regard, but does it continue
for the purpose of still further and unnecessary proceedings;
such as could not have been reasonably within the contempla-
tion of the parties, as the entry of a second and unnecessary
order, inconsistent with the one already entered and a judg-
ment likewise unnecessary and inconsistent?    If so, when
does the authority end?    It seems there can be but one an-
swer and that is that, in a case of this sort, the authority
cannot, without some understanding to that effect, survive
the entry of the order of dismissal except for the purposes
thereof, *i. e.* for receiving notice of the entry; hence that
when the person who represented respondent received notice
of the second and wholly unauthorized order and judgment
he was without authority in the matter and service upon him
was not notice to respondent.

The rule in reason and by authority is that when the at-
torney ceases to be such for a party before receiving notice of
an adverse proceeding, the year period mentioned in the stat-
ute does not commence to run till the party, himself, has no-
tice.    *Robbins v. Kountz,* 44 Wis. 558.    So held in that
case, where relief was sought under the statute and was
granted because, though the person who had been the attorney
for the party, but, as the court said, had practically ceased to
be such, received notice within the year period, the party,
himself, had not received such notice.

So the decision must be that the motion in this case was
timely.    That solves the question of power to make the order
appealed from.    Whether the power was wisely exercised or
not involves mere matter of discretion, and we see no ground

for holding there was an abuse of authority in that regard. Indeed, we do not understand appellant's counsel contend to the contrary. They rest the appeal upon the ground of want of power, under the statute, and absence of circumstances rendering the rule applicable, that a court may, regardless of mere lapse of time, correct an order or judgment so as to make the same harmonize with the actual judicial determination made and pronounced. The order in question might have been made broader so as to have set aside the second order of dismissal and the judgment entirely. But the act of merely making the same conform to the first and only authorized order was tantamount to expunging them altogether.

*By the Court.*—The order is affirmed.