ANDERSON, Respondent, vs. LUDWIG and another, Appellants.

*March 11—April 12, 1946.*

*Charles A. Copp* of Marshfield, for the appellants.

For the respondent there was a brief by *Brazeau & Graves* of Wisconsin Rapids, and oral argument by *Theodore W. Brazeau.*

WICKHEM, J.   Defendant's sole contention is that the trial court was without jurisdiction to enter further orders in the action after the order of dismissal of August 18, 1945.   Defendants rely upon *Wawrzyniakowski v. Hoffman & Billings Mfg. Co.* 137 Wis. 629, 119 N. W. 350, which is asserted to hold that where a stipulation calls only for dismissal of the action proceedings are ended and that subsequent proceedings in the action are "entirely unnecessary and outside of anything contemplated mutually by the parties, if not unwarranted."

Sec. 269.46 (1), Stats., provides:

"The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding."

This section quite clearly vests the trial court with control over the stipulation and prior order, and under it the trial court could set aside the order of dismissal and further proceedings could be had in the cause.

It is conceded by plaintiff that the court was in error in not specifically setting aside its former order of dismissal but this is claimed to be nonprejudicial.   Since the court could have set

the order aside under the provisions of sec. 269.46, Stats., the omission is a technical error, did not affect the substantial rights of the parties, and cannot form the basis of a reversal in view of the mandate of sec. 269.43. The *Wawrzyniakowski Case, supra,* is not an authority for defendants' position. That case was addressed to the question whether the retainer of counsel survived a termination of the proceedings by an order to dismiss. No claim is made here that defendants' attorney did not have authority to appear on their behalf.

*By the Court.*—Order affirmed.

RECTOR, J., took no part.