McCormick Harvesting Machine Company, Respondent,
vs. James, Garnishee, Appellant.

*March 22 — April 11, 1893.*

*Justices' courts: Garnishment: Reopening case after judgment.*

After the entry of judgment against a garnishee a justice of the peace
cannot reopen the case and adjourn the action, either of his own
motion or with the consent of the garnishee; and a subsequent
judgment against the garnishee is without jurisdiction.

APPEAL from the Circuit Court for *Rock* County.

Garnishment in justice's court in aid of execution. After
numerous adjournments a judgment was rendered against
the garnishee, December 15, 1891, for $25 and costs. After-
wards, on the same day, the plaintiff, the garnishee defend-
ant, *James*, and the main defendant, *Reed*, appeared by
their attorneys, and agreed that said judgment be opened
so that the case stand as it did before the entry of said.
judgment, and that the action be adjourned to January 5,
1892, in accordance with which agreement the justice in
form opened the judgment and adjourned the case· to the
day stipulated. Upon said 5th of January, 1892, neither
the defendant nor the garnishee appeared, and judgment was
rendered against the garnishee for the $178.46, the amount
of the judgment in the main action, with costs. The gar-
nishee sued out a writ of *certiorari* from the circuit court,
and upon the justice's return, showing, among other things,
the foregoing facts, the justice's judgment was affirmed,
and the garnishee appealed.

For the appellant there was a brief by *Smith & Pierce*,
and oral argument by *William Smith* and *F. C. Burpee.*

For the respondent there was a brief by *Doe & Suther-
land*, and oral argument by *J. B. Doe.*

Merchants' & Mechanics' Savings Bank vs. Lovejoy.

WINSLOW, J. This judgment must be reversed. After the. entry of the judgment against the garnishee of December 15, 1891, it is clear that the justice could not, of his own motion, reopen the case and adjourn the action to a future date. Unless the consent of the garnishee gave him the power and restored his jurisdiction, he could not do it at all. ˙ It is well settled in this state that a garnishee cannot,. by voluntary appearance, confer jurisdiction or waive the requirements of the statute. The statute must be strictly pursued in order to confer jurisdiction of a garnishee action. *Edler v. Hasche*, 67 Wis. 653, and cases there cited.

· *By the Court.*— Judgment reversed, and cause remanded with directions to reverse the judgment of the justice.