THE COLORADO FUEL & IRON COMPANY v. BLAIR.

1. GARNISHMENT—JURISDICTION.

Proceedings in attachment or by garnishment are purely statutory.  The statute must be literally and specifically followed, and a departure vitiates the proceeding and renders it void.  If the affidavit or process be defective, the court acquires no jurisdiction over the garnishee.

2. SAME.

Garnishment is not a case in which jurisdiction can be acquired by voluntary appearance of the parties or aided by presumptions; neither can any substantial requirement of the statute be waived by the garnishee.

3. JURISDICTION ON APPEAL IN GARNISHMENT—APPEARANCE.

The appearance of the defendant in the county court, in a case commenced before a justice of the peace and appealed by the plaintiff, must be regarded, under the circumstances of this case, as in the main suit and not in the garnishment proceedings, and is ineffectual to confer jurisdiction over the garnishee.

*Appeal from the County Court of Pueblo County.*

Mr. D. C. BEAMAN and Mr. J. M. WALDRON, for appellant.

Mr. R. A. DRULEY and Messrs. DIXON & DIXON, for appellee.

REED, J., delivered the opinion of the court.

On the 17th of May, 1893, appellee brought suit against one C. H. Forbes to recover the sum of $82.00 before one T. A. Bradford, a justice of the peace.  An attempt was made to sue out an attachment, and service of a supposed garnishment process was served upon the appellant.  It answered that it was indebted to the defendant Forbes in the sum of $87.65.  The venue was changed from Bradford to one Brosius, a trial had, resulting in a judgment for the defendant and a discharge of the garnishee, to whom a certificate of discharge was delivered.  An appeal was taken to the county

court, no notice of which was served upon the garnishee. After the receipt of the certificate of discharge, appellant paid Forbes the amount due. The defendant appeared by counsel in the county court, a trial was had, resulting in a judgment for the plaintiff, and judgment was entered up against the garnishee upon its answer, and an appeal to this court taken by the garnishee.

On the 2d day of June, 1893, the following paper was filed with Bradford, the justice of the peace before whom the proceedings were pending;—Dyer was attorney for the plaintiff:

"On the 17th day of May, A. D. 1893, an affidavit in attachment, an undertaking in attachment, an attachment writ, a garnishee summons, and a summons were filed in the above named court, in this action, of which the papers hereto attached are true copies.

"That the said original papers have been mislaid, lost or stolen, and that, after a search made by the above named J. P. the same cannot be found.

"That this affiant does not know where the said original papers now are, nor where they can be found.

"Joseph Dyer.

"Subscribed and sworn to before me this 2d day of June, A. D. 1893.          Thos. A. Bradford,

"Justice of the Peace."

After the substitution, the case proceeded upon the substituted papers.

The judgment appealed from must be reversed. The county court had no jurisdiction in the proceeding by attachment. The appearance by the defendant in the county court must be regarded as in the main suit, and not in the attachment proceedings. The papers substituted in the justice's court to supply the place of those alleged to have been lost or stolen, and sworn to be true copies, could not confer jurisdiction upon either court. The affidavit for the attachment, purporting to have been made by Druly, the attorney of the plaintiff, has no jurat whatever. The bond is not in form,

and was executed by the plaintiff's attorney for him, without any authority being shown; hence, was void. The justification of the parties to the bond was blank, and no jurat attached. A service of the summons was indorsed upon it by the constable. The writ of attachment was blank, not signed by the justice of the peace, nor was any return of service indorsed upon it. The writ of garnishment and interrogatories attached were not signed by the garnishee, nor verified, nor any jurat attached. The transcript of the justice of the peace contains nothing whatever in regard to the loss of papers, the affidavit, or substitution of copies. For the purpose of instituting a suit by attachment and obtaining a judgment against a garnishee a copy of blank forms would have been fully as efficient. There was no appearance in the attachment proceeding in the county court nor by the garnishee to confer jurisdiction. The jurisdiction of the county court was wholly dependent upon the regularity of the proceeding and the acquiring jurisdiction by the justice of the peace. The transcript sent up established the want of jurisdiction.

The affidavit of counsel, stating that the papers substituted were correct copies of the originals, precludes any presumption of the regularity of the originals. If this were not so, no presumptions could be indulged in, in regard to these statutory proceedings, where the facts establishing the jurisdiction must affirmatively appear upon the face of the records. Proceedings in attachment and by garnishment are purely statutory, in derogation of the common law, in the nature of proceedings *in rem*. The statute must be literally and specifically followed, and departure vitiates the proceeding and renders it void.

These propositions are so elementary that authorities hardly need be cited in their support, but see Drake on Attach., secs. 451*b* and 452; 1 Wade on Attach., sec. 121; Waples on Attach., 139; *Edler v. Hasche*, 67 Wis. 653; *McCormick & Co. v. James*, 84 Wis. 600; *Ettelsohn v. Ins. Co.*, 64 Mich. 331.

In the last case it is said: "If a creditor seeks to collect his debt under this statute, the reasons are abundant and manifest why he should pursue the statute strictly, and under the most strict construction. The proceeding is founded upon the affidavit required by the statute. If this affidavit is defective, the court acquires no jurisdiction. It is not a case in which jurisdiction can be acquired by voluntary appearance of the parties, or aided by presumptions. Neither can any substantial requirement of the statute be waived in any of the proceedings by the debtor garnished, because others have an interest in the result quite equal with those of the parties to the suit."

The county court could acquire no jurisdiction upon appeal when the inferior court was without jurisdiction, and when the transcript of the lower court shows its lack of jurisdiction the appellate court had none for any purpose whatever; and although the appearance of the defendant in the county court may have conferred jurisdiction to try the question of indebtedness, it was ineffectual to confer jurisdiction in the attachment and garnishee proceedings.

The judgment will be reversed and cause remanded.

*Reversed.*