Eastlund, Appellant, vs. Armstrong, Respondent.

*February 25—April 17, 1903.*

*Garnishment: Appeal from justice's court: Pleading: Exemption: Waiver: Burden of proof: Payment into court by garnishee: Restoration upon reversal.*

1. On an appeal to the circuit court by the principal defendant from a judgment by default against a garnishee, the amount of which had been paid into court by the latter, said defendant filed an answer, and also a counterclaim, alleging that the money due him from the garnishee and so paid into court was exempt from execution. *Held* that, although a counterclaim was not authorized by statute, there was no abuse of discretion in permitting the answer to stand.

2. The defendant did not waive his right to the exemption by per-
mitting such payment to be made by the garnishee without
protest.

3. The burden of proving that the indebtedness of the garnishee to
the defendant was not exempt was upon the plaintiff.

4. Upon reversing the judgment of the lower court in such case it
would have been proper, under sec. 3772, Stats. 1898, to order
that the amount paid by the garnishee be restored with in-
terest; but a judgment in favor of the defendant for that
amount as damages, with interest and costs, was erroneous.

APPEAL from a judgment of the circuit court for Douglas
county: A. J. VINJE, Circuit Judge. *Reversed.*

On October 17, 1901, this action was commenced in the
municipal court of Superior to recover $22.15, being a bill
for groceries sold and delivered by the plaintiff to the de
fendant, *Armstrong,* and at the same time the corporation
known as the Duluth-Superior Milling Company was gar-
nished.    In the affidavit of garnishment it was stated, in
effect, that said corporation was indebted to the defend-
ant, *Armstrong,* and had "personal property, money, credits,
or effects in its possession or under its control" belonging to
*Armstrong* which were "not by law exempt from seizure or
sale on execution, or any provisional or final process issued
from any court, or any proceedings in aid thereof." On the
return day of the summons—October 31, 1901—neither
*Armstrong* nor the garnishee appeared, and after waiting one
hour the plaintiff took judgment against *Armstrong* for dam-
ages and costs in the sum of $30.90, and for the same amount
against the garnishee, together with $3.95 costs of garnish-
ment, making in all $34.85.    On November 8, 1901, the
garnishee paid into court, in satisfaction of such judgment
against it, $34.85, and the same was thereupon applied and
paid on such judgment and delivered to the plaintiff's at-
torney.

On November 9, 1901, *Armstrong* appealed to the circuit
court from the judgment so rendered by the municipal court
against the Duluth-Superior Milling Company, garnishee, for

$34.85. On January 21, 1902, *Armstrong,* without leave of the court, filed an answer in said action so appealed to the circuit court, wherein he admitted his indebtedness to the plaintiff as claimed, but alleged, in effect, by way of defense and counterclaim, that at the time of the commencement of this action, and ever since, he was and had been a married man having a family dependent upon him for support, and during all of said time had been an actual resident of this state, living in Douglas county; that such indebtedness to him from the garnishee was wholly for wages, of which $8.25, and no more, had been earned by him when the action was commenced, October 17, 1901, and the balance of $26.60 was earned by him between that day and October 31, 1901, when the judgment was so rendered, and that the whole amount of $34.85 was exempt from execution because he had earned less than $60 per month for each of the three months next preceding October 31, 1901—all of which was well known to the plaintiff when this action was commenced; and that she had converted $34.85 to her own use.

On the trial, June 10, 1902, the plaintiff moved to strike said answer and counterclaim from the files of the court, which motion was denied, and thereupon an order was entered directing said answer and counterclaim served January 21, 1902, to stand as the defendant's pleading in the cause, with leave to the plaintiff to reply thereto, which the plaintiff declined to do, whereupon the defendant moved for judgment under the pleadings on the counterclaim according to the prayer thereof, and the same was granted, and thereupon it was ordered that *Armstrong* do have and recover from the plaintiff $34.85 damages, and interest thereon from October 31, 1901, to the day of the trial, amounting to $1.23, making $36.08, and the costs of this action; and thereupon it was ordered and adjudged that the defendant, *Armstrong,* do have and recover from the plaintiff $36.08 damages and the

costs of this action, taxed and allowed at $18.20, making in all $54.28, and that *Armstrong* have execution against the plaintiff therefor. From that judgment the plaintiff appeals.

The cause was submitted for the appellant on the brief of *H. V. Gard* and *F. A. Eckman,* and for the respondent on that of *D. E. Roberts.*

CASSODAY, C. J. The proceedings in garnishment are statutory. In order to garnish the defendant corporation, it was necessary that the affidavit therefor should, among other things, state that the indebtedness from the corporation to the defendant, *Armstrong,* was "not by law exempt from sale on execution." Sec. 3716, Stats. 1898. The affidavit in question does so state. From the time of the garnishment the statute made the corporation "stand liable to the plaintiff to the amount" of its indebtedness to *Armstrong* "then due or to become due, and not by law exempt from sale on execution." Sec. 3719, Stats. 1898. Under the statute the affidavit for garnishment was properly "deemed a sufficient complaint in the action." Sec. 3721, Stats. 1898. Since the affidavit constituted the complaint against the garnishee, it naturally follows that the burden of proving the essential fact of nonexemption therein alleged was on the plaintiff, as against any claim for exemption on the part of *Armstrong* or the garnishee. *Armstrong,* as well as the garnishee, was at liberty to defend the garnishee action on the ground that such indebtedness was exempt. Secs. 3722, 3723, Stats. 1898. Had either of them done so, it would have been necessary for the municipal court to have found that such indebtedness, or some part thereof, was not exempt, or else to have discharged the garnishee. Id. But neither of them made such defense in the municipal court, nor appeared in the action in that court. Accordingly, on the return day, judgment was entered by default, not only against *Armstrong,* but also against

the garnishee.   The statute provided for such default judg-
ment against the garnishee in case it failed to áppear.   Sec.
3728, Stats.1898.   The garnishee was not required to contest
the matter of exemption.   Sec. 3723, Stats. 1898.   And so,
eight days after the rendition of the judgment, it availed it-
self of the privilege given by statute of paying the amount of
its indebtedness to *Armstrong,* and costs, into court, and
thereby discharging itself from all further liability.   Secs.
3723*b,* 3730, Stats. 1898; *Lewis v. C. & N. W. R. Co.* 97
Wis. 372, 72 N. W. 976.   The payment of such judgment by
the garnishee was no waiver of the right of *Armstrong* to ap-
peal therefrom to the circuit court.   *Chapman v. Sutton,* 68
Wis. 657, 661, 32 N. W. 683; *Hixon v. Oneida Co.* 82 Wis.
529, 52 N. W. 445.   Nor did *Armstrong* waive his right to
such exemption by allowing such payment to be made with-
out protest.   The next day after such payment by the gar-
nishee, *Armstrong* appealed to the circuit court from the judg-
ment against the garnishee.   This he clearly had the right to
do.   Secs. 3722, 3723, 3753, Stats. 1898.   Upon such appeal
being perfected, the case stood for trial *de novo* in the circuit
court.   In that court *Armstrong* filed an answer, and also a
counterclaim, alleging that the money so paid into the munici-
pal court by the garnishee was exempt.   The circuit court re-
fused to strike out such answer and counterclaim, but di-
rected that the same stand as the defendant's pleading in the
cause.   While the statute does not authorize a counterclaim in
such case, yet we perceive no abuse of discretion in allowing
*Armstrong* to answer and allege that the indebtedness so gar-
nished was for earnings exempt under the statute.   Subd. 15,
sec. 2982, Stats. 1898.   The burden was on the plaintiff to
prove what she had alleged in the affidavit of garnishment, to
wit, that such indebtedness was not exempt.   This she failed
to do, and thereupon the circuit court ordered judgment in
favor of the defendant, *Armstrong,* for damages, interest, and

costs, as mentioned. That is not in accordance with the statute in such cases, which expressly provides that:

"If any justice's judgment or any part thereof be collected and the judgment be afterwards reversed the appellate court shall order the amount collected to be restored with interest from the time of the collection; such order may be obtained upon proof of the facts, upon notice and motion, and may be enforced as a judgment." Sec. 3772, Stats. 1898; *Lewis v. C. & N. W. R. Co.* 97 Wis. 368, 370, 72 N. W. 976.

This departure from the direction of the statute is an irregularity, which we are not at liberty to sanction.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with direction to dismiss the garnishee proceeding and to order the amount collected to be restored to the defendant, *Armstrong,* with interest from the time of the collection, to be enforced as prescribed in the section of the statute last quoted, and for further proceedings according to law.