THE STATE EX REL. CHICAGO & NORTHWESTERN RAILWAY
COMPANY, Respondent, vs. PAULI, Appellant.

*October 6—October 24, 1905.*

*Justice's court: Garnishment: Jurisdiction: Determination of gar-
nishee's liability before service on defendant.*

A garnishee summons in justice's court was not served on the de-
fendant, who could not be found and never appeared. Issue
was taken on the garnishee's denial of liability and an ad-
journment taken. On the adjourned day, the garnishee not ap-
pearing, the justice proceeded to determine his liability as such,
before service by publication on the defendant. *Held,* that
such determination was without jurisdiction and void.

APPEAL from a judgment of the circuit court for Milwau-
kee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

It appears from the record that May 10, 1904, *Fred W.
Pauli,* as plaintiff, caused a summons to be issued by William
A. Hart, a justice of the peace, against Max Nurnberg on a
demand of $71.20, returnable May 18, 1904, at 9 o'clock
a. m. at his office. At the time of issuing such summons the
plaintiff therein, *Pauli,* subscribed and swore to and filed an
affidavit before said justice to the effect that said summons
had been so issued and delivered to the officer to be served;
that the action in which the same had been issued was
founded on contract, and that he had good reason to believe
that the relator herein, the *Chicago & Northwestern Railway
Company,* was indebted to said Max Nurnberg, and had per-
sonal property, money, credits, and effects in its possession or
under its control belonging to him, and demanded that the
officer who should execute said writ should summon said *Chi-
cago & Northwestern Railway Company* as garnishee; that
said garnishee was a corporation duly organized and existing
under and by virtue of the laws of this state; and that such
indebtedness, property, money, credits, or effects mentioned

were not by law exempt from seizure and sale on execution. Thereupon, and at the time of filing such affidavit, the said justice issued a garnishee summons in said action against said company, reciting the issuance of the summons in the principal action, and that the same was returnable May 18, 1904, in favor of the said *Pauli* and against said Max Nurnberg, and the making of such affidavit by *Pauli*, and requiring said company, as such garnishee, to be and appear before said justice at his office on the return day of the summons at 9 o'clock a. m., and then and there to answer under oath touching its liability as garnishee. The constable returned the garnishee summons as having been served on the company May 11, 1904, and that neither the defendant in the original action, Max Nurnberg, nor any agent, or attorney, or member of his family, could, after diligent search and inquiry, be found in the county.

On May 18, 1904, at 9 o'clock a. m. the case was called by the justice, and the plaintiff, *Pauli*, appeared in person, and the principal defendant, Max Nurnberg, did not appear, and an order to serve upon him by publication was thereupon entered; but the garnishee company appeared by an agent and filed a written verified answer, denying all and every liability to the principal defendant, Max Nurnberg, and alleged that it had no moneys, credits, effects of any kind or nature, or property in its possession or under its control at the time of such service of the summons on the company, due, or to become due, or belonging to Max Nurnberg; whereupon the plaintiff, *Pauli*, took issue upon said answer, and by consent of the parties the garnishee action was adjourned to May 25, 1904, at 1 p. m. May 25, 1904, at 1 p. m. the case was called, and within one hour *Pauli* appeared by his attorney, and after waiting an hour the case was again called and neither the garnishee company nor Max Nurnberg appeared. Thereupon evidence was taken on behalf of *Pauli*, and after hearing such evidence, and on the day and year last men-

tioned, the justice found that the garnishee company was, at the time of serving the garnishee summons on it, indebted to the principal defendant, Max Nurnberg, in the sum of $92 due, owing, and payable, not exempt from execution; and thereupon, and on motion of *Pauli,* the garnishee company was ordered to hold the money subject to the further order of the court, and the same was entered in the principal action, and such garnishee action was thereupon adjourned to June 17, 1904, at 9 o'clock a. m., at the same place and time as the principal action against Max Nurnberg had been adjourned to.

. Thereupon *Pauli* signed a written notice, dated May 25, 1904, addressed to Max Nurnberg, thereby notifying him of such garnishment and that his property had been garnished to satisfy his demand against him of $71.20, and that unless he appeared before said justice on June 17, 1904, at 9 o'clock a. m., judgment would be rendered against him and his property sold to pay the debt, and such notice was published in a newspaper in Milwaukee May 27, 1904. June 17, 1904, at 9 o'clock a. m. the justice called said case, and within one hour *Pauli* appeared and the defendant Max Nurnberg failed to appear, whereupon *Pauli* proved the publication of the notice in pursuance of the order of the justice made in the principal action May 18, 1904, and thereupon put in evidence in support of his complaint and moved for judgment thereupon; and the court ordered and adjudged that the plaintiff have and recover judgment against Max Nurnberg for $71.20 damages, $3.85 costs, and the costs of the action, being $10.31, making in all $85.36. The amount found in the hands of the garnishee being in excess of such damages and costs, on motion of *Pauli* it was ordered that the garnishee company, within ten days from June 17, 1904, pay said sum of $85.36 into court, and, upon compliance therewith, the railway company be released and discharged. June 22, 1904, *Pauli* filed a bond, with surety, as required by sec. 3715, Stats. 1898,

and, the garnishee having neglected and refused to comply with such order, June 28, 1904, on motion of *Pauli's* attorney it was ordered and adjudged that judgment be and the same was thereby rendered in favor of *Pauli* and against the *Chicago & Northwestern Railway Company* for said sum so found of $85.36.

Afterwards, upon petition of the garnishee, the *Chicago & Northwestern Railway Company*, duly verified October 19, 1904, alleging in effect the facts above mentioned, a writ of *certiorari* was issued by the circuit court on November 3, 1904, addressed to said justice and requiring him, within ten days after the service of the writ upon him, to certify and transmit to the clerk of the circuit court the records of all the proceedings in said action and all the papers therein. On November 12, 1904, the said justice duly certified said papers and proceedings and the whole thereof, as required by said writ. Upon such return being made, the attorney for *Pauli* moved the circuit court to quash the writ and affirm the judgment; and after hearing the respective parties, and on motion of the attorney for the garnishee, it was ordered and adjudged that the judgment rendered and entered against the *Chicago & Northwestern Railway Company*, as garnishee of Max Nurnberg, for $85.36, June 28, 1904, by said justice in said action be and the same was thereby reversed in whole. From that judgment the said *Pauli* appeals.

*H. H. Heilbron*, attorney, and *Herman Reel*, of counsel, for the appellant.

*Edward M. Hyzer*, for the respondent.

CASSODAY, C. J.   Pursuant to the command of the statute the garnishee summons requiring the railway company "to answer touching" its "liability" to the principal debtor, Max Nurnberg, "as garnishee," was made returnable "on the return day of such summons" in the principal action of *Pauli* against Nurnberg.   Sec. 3716, Stats. 1898.   The statute also

required the officer serving the garnishee summons to "return the same, with the affidavit, to the justice at the same time" that he made "return of the summons" in the principal action, and to "state in his return the day service was made on the garnishee." The statute, moreover, required "a copy of such" garnishee summons to be served on the principal "defendant within the time service thereof" was "required to be made on the garnishee." Sec. 3718, Stats. 1898. The same section provided that, if the principal defendant could not be found, "then service" might "be made upon him by publication, as provided in sections 3712, 3713, *with like effect.*" The proceedings by garnishment are special and in derogation of the common law, and must be strictly pursued in order to confer jurisdiction. *Steen v. Norton,* 45 Wis. 412, 417; *Edler v. Hasche,* 67 Wis. 653, 658, 659, 31 N. W. 57, 59. In this last case it was expressly held that:

"In justice's court, unless the garnishee is summoned to appear on the return day of the summons, . . . the justice acquires no jurisdiction in the garnishment proceedings, even though the garnishee voluntarily appears therein." To the same effect: *McCormick H. M. Co. v. James,* 84 Wis. 600, 54 N. W. 1088; *State ex rel. Weber v. Cordes,* 87 Wis. 373, 58 N. W. 771.

The reason for such ruling is obvious. To hold the railway company as garnishee it was essential for *Mr. Pauli,* in the manner prescribed by the statutes, to establish not only his claim against Nurnberg, but also his claim that at the time of serving the garnishee process the railway company was indebted to Nurnberg, and that such indebtedness was not exempt from execution. *Eastlund v. Armstrong,* 117 Wis. 394, 397, 398, 94 N. W. 301. The statute expressly authorized "the defendant in the original action," Nurnberg, to "appear and defend the proceedings against the garnishee upon the ground that the indebtedness of the garnishee or any property held by him" was "exempt from execution

against such defendant, or for any other reason" was not liable to garnishment, or upon any ground upon which a garnishee might have defended the same; and he might "participate in the trial of any issue between the plaintiff and the garnishee for the protection of his interests." Sec. 3723, Stats. 1898. The same section gave to the garnishee the option of defending the principal action for the defendant by reason of his nonappearance therein, but provided that such defense should not preclude the principal defendant from the right to a new trial, as prescribed by the statute. Id.; *Eastlund v. Armstrong, supra.*

In the case at bar there was no actual service upon the principal defendant, Nurnberg, who, according to the return of the officer, could not be found in the county. The constructive service by publication was not complete until June 17, 1904, more than three weeks after the justice had assumed to determine the liability of the railway company as such garnishee. Nurnberg never appeared in the action, and such determination was prior to any publication. It was made in the absence of the garnishee, who never appeared in the action after having filed its answer, which occurred a week prior to such determination. Under the sections of the Statutes mentioned and the repeated decisions of this court we must hold that such determination of the liability of the railway company, as garnishee, by the justice was without jurisdiction and void.

In pursuance of the stipulation in the record neither party is to have costs in this court, except the appellant is to pay the fees of the clerk of this court.

*By the Court.*—The judgment of the circuit court is affirmed.