STATE EX REL. FONTAINE, Appellant, *vs.* SULLIVAN, Respondent.

*January 7—April 12, 1946.*

*Edward W. Schenk* of Wabeno, for the appellant.

For the respondent there was a brief by *Chadek, Cornelisen, Denissen & Farrell* of Green Bay, and oral argument by *R. J. Farrell.*

WICKHEM, J. Plaintiff was a physician residing in Forest county. Defendant is also a resident of Forest county and resides with members of his family upon whom service of a summons could be made if defendant was not found within the county. Plaintiff sued in justice court of Brown county and garnisheed the Railroad Company to recover for professional services rendered to defendant. The garnishee Railroad Company maintains railroad stations and station agents both in Forest and Brown counties. The summons was not served on the principal defendant and the officer's return thereon is that defendant could not be found in Brown county and has no place of abode therein. The garnishee summons was served upon the station agent of the Railroad Company located within Brown county. The garnishee's answer admitted wages of $74.11 to be due to defendant. The return on garnishee summons recited that defendant could not, after diligent search and inquiry, be found within the jurisdiction of the justice. Upon the return day of the summons and the garnishee summons the principal defendant appeared specially by attorney in the principal action and objected to the jurisdiction of the court because defendant is not a resident of Brown county but resides in Forest county. On the return day of the summons, after waiting one hour for defendant to appear personally, the

justice entered an order in the principal action that plaintiff publish in the "Green Bay Press-Gazette," a newspaper published in Brown county, a notice to defendant that a garnishee summons had been issued and served upon him and that if he did not appear and defend the action on May 1st at 10 o'clock a. m. judgment would be rendered against him and his property taken to satisfy the debt. The case was continued to the hour stated as was the garnishee action. On April 21st an affidavit of publication of the order was filed stating that a notice had been published as provided in said order for one day on April 13th. The docket of the justice recites that on May 1st defendant did not appear and after waiting one hour proof was taken and judgment for $104.50 and costs was rendered against defendant. The docket in the garnishment case recites nonappearance of defendant therein, the waiting of one hour and entry of judgment in the principal action and judgment was entered in the garnishee action that plaintiff recover of garnishee $74.11 "now presently due and which is to be paid and delivered as by me ordered."

Relator contends that the justice of the peace of Brown county acquired no jurisdiction of his person or of the subject matter in garnishment. This calls for consideration of several applicable sections of the statutes. Sec. 300.01, Stats., provides:

"The jurisdiction of all justices of the peace shall be coextensive with the limits of the county in which they are elected, and no other or greater, except when otherwise specially provided by law."

Sec. 304.24, Stats., provides:

"The officer shall serve such summons on the garnishee personally, and return the same, with the affidavit, to the justice at the same time that he shall make return of the summons or warrant and state in his return the day service was made on the garnishee. A copy of such summons shall be served on the defendant within the time service thereof is required to be made on the garnishee. If the defendant cannot

be found or is not a resident of the state then service may be made upon him by publication as provided in sections 304.12 and 304.14, with like effect. . . ."

Sec. 301.09, Stats., after specifying the officers of municipal or other corporations upon whom a summons may be served, continues:

". . . except that in an action against a railroad or express corporation, in addition to the officers above referred to, it may be served upon any agent of the corporation who has charge of an express office or a depot or station on the line of the railroad owned or occupied by the defendant; and upon perfecting such service and a legal return thereof being made it shall be held to have the same effect as a personal service upon a natural person, and like proceedings may be had in such action as in cases against such persons."

Relator claims that under the provisions of sec. 300.01, Stats., the jurisdiction of the justice of the peace of Brown county does not extend beyond the limits of the county and that consequently there was no jurisdiction of defendant in the principal action. This overlooks the specific exception in sec. 300.01 "when otherwise specially provided by law." Sec. 304.24 does "otherwise" specifically provide that in garnishment actions where jurisdiction has been had of the garnishee defendant and the principal defendant cannot be found in the county service may be had in the principal action by publication. Jurisdiction of the garnishee defendant existed because under the terms of sec. 301.09 service was permitted in the case of railroad corporations upon station agents or depot agents of the railroad throughout the state and the same section provides that such service shall have "the same effect as a personal service upon a natural person." It thus appears clearly, (1) that the justice had jurisdiction of the garnishee defendant; (2) that under sec. 304.24 he could acquire jurisdiction over the principal defendant by publication. Having completed the publication before assuming to enter judgment

in the garnishment action there is no jurisdictional defect in these proceedings. The case of *De Laval Separator Co. v. Hofberger,* 161 Wis. 344, 154 N. W. 387, is distinguishable from the present case in that there the garnishee was a natural person residing out of the reach of the garnishee summons issued by the justice. *State ex rel. Chicago & N. W. R. Co. v. Pauli,* 126 Wis. 65, 104 N. W. 1007, is a case where a garnishee summons in justice court was not served on defendant. He could not be found and never appeared. The justice there assumed to determine the liability of the garnishee on the adjourned date before completing service by publication on defendant. It was held that the justice had no jurisdiction to enter judgment against the garnishee. In the *Pauli Case* the fact that no service whatever was had upon the principal defendant is the distinguishing feature. Furthermore, the implications in the case are in line with our determination here because it is strongly inferred in the opinion that had service by publication been made on defendant before the garnishee's liability was determined, the justice would have been within his jurisdiction.

We have examined this case with particular care because the statutes as they stand are open to the possibility of abuse of process in cases where a railroad company is the garnishee, or where a corporation may have numerous agents in the state upon whom a garnishee summons may be served with the effect of personal service. There is, however, no claim that malicious abuse of process is involved in this case, and while the possibility exists, and may have been overlooked in the course of enacting the sections involved, the statutes have stood in their present form for many years without any complaint of abuse. Under these circumstances we will not consider to what extent the deliberate and malicious use of the jurisdiction specified by the statutes can be controlled and restrained by principles relating to malicious abuse of process. The question here is one of jurisdiction, and the statutory language is

so clear that we cannot help the situation except by a distorted construction amounting to judicial legislation. It is the evident statutory purpose that claims of a principal debtor against another may be reached by garnishment in justice court in any county of the state where personal service, or what amounts to it, may be had on such other, and that service upon the principal debtor may be had by publication if he is not found there. The possibility suggested in this paragraph can be dealt with only by the legislature.

*By the Court.*—Judgment affirmed.

Rector, J., took no part.

Fowler, J. (*dissenting*). The action is *certiorari* to test the validity of a judgment garnisheeing the wages of an employee of the Chicago & North Western Railway Company entered by a justice of the peace of Brown county. The plaintiff and the defendant are both residents of Forest county and the defendant resides therein with his wife and family. The line of the Railway Company, the garnishee, runs through Forest county, and a garnishee summons from a justice of the peace of Forest county may be served upon a station agent of the company in that county.

Thus the principal defendant is in precisely the same situation as to service of the summons upon him, and as to the service of a copy of the garnishee summons upon him, sec. 304.24, Stats., that any other citizen of Forest county is. The wages of any citizen of Forest county other than an employee of the Chicago & North Western Railway Company could not be garnished in a justice of the peace action brought in any county other than Forest county, while by the opinion of the court the wages of an employee of that company may be garnished in any county into which the railway runs. This puts railway employees in one class and all other citizens similarly situated in another class as to garnishment of their wages or other credits in justice of peace actions. This is an utterly

unreasonable classification and deprives employees of railway companies of equality before the law in such proceedings with other citizens in like situation in violation of the Fourteenth amendment to the constitution of the United States. This view is directly supported by *Houston v. Pulitzer Pub. Co.* 249 Mo. 332, 155 S. W. 1068, and *Clark v. Louisville & N. R. Co.* 158 Miss. 287, 304, 130 So. 302, and is supported in principle by the United States circuit court of appeals in *Board of Education of San Francisco v. Alliance Assur. Co.* (C. C.) 159 Fed. 994. I find no cases to the contrary.

In the *Pulitzer Case, supra,* a statute involved provided that suits against corporations should be commenced either in the county where the cause of action accrued or in any county where the corporation kept an officer or agent for the transaction of their business. Sec. 997, R. S. Mo. 1899. The general statute of the state, id., sec. 562, provided that actions should be brought, when the defendant was a resident of the state, either in the county in which the defendant resided, or in which the plaintiff resided, and the defendant might be found. The *Pulitzer Case* held, reversing *Julian v. Kansas City Star Co.* 209 Mo. 35, 107 S. W. 496, and other like decisions, that sec. 997 denied to corporation defendants right as to venue which other citizens had under sec. 562, and denied to them equality before the law in violation of the Fourteenth amendment. See p. 1070 of 155 S. W. Reporter, 1st column, end of paragraph. Par. 2 of the syllabus in the S. W. Reporter reads:

"A statute that would allow one to sue a publishing corporation for libel in any county he chose, where publications were circulated, would be unconstitutional as depriving citizens of the equal protection of the law, and as depriving them of property without due process of law."

For like reason a statute which subjects railway employees to garnishment of their wages in any county in which the railway by which they are employed has station agents, while

limiting the garnishment of wages of other citizens in the same situation to the county in which they reside, is unconstitutional. It was held in *Clark v. Louisville & N. R. Co., supra,* that while a state can "fix the venue of actions according to its conception of what is necessary to best administer justice . . . it cannot unreasonably discriminate between classes of defendants."

In *Board of Education of San Francisco v. Alliance Assur. Co., supra,* a statute that required an insurance company, that in its answer claimed nonliability by reason of a clause in its contract exempting it from liability for losses from fire caused directly or indirectly by earthquake, to allege in its answer evidentiary matters not required to be inserted in answers of defendants in other cases was unconstitutional "in that it discriminates against a particular class of actions and against defendants therein, without any apparent reason for the distinction." The same discrimination exists here.

This view does not affect the validity of sec. 262.09 (6), Stats., providing for service of summons on railway companies in any county in which the railroad has station agents by service upon a station agent. It only holds that that statute does not apply to service of a garnishee summons upon a railway company in justice of the peace actions in any county other than that where the principal defendant resides where the railroad company has station agents in that county, because so to apply it would deprive railway employees of rights as to venue possessed by all other citizens similarly situated.

It is to be noted that in the *Pulitzer Case, supra,* it was held that sec. 997, R. S. Mo. 1899, not only deprived corporations of equality before the law but would take their property without due process. To me it seems self-evident that service of notice of garnishment by publication where personal service may be made is not due process. Certainly valid notice by publication in garnishment cases cannot be given to the principal defendant in circuit court actions where personal

service may be made upon him. Residence of the defendant in another state is the only basis for service of a garnishee summons by publication in such actions. Secs. 267.06, 262.12, Stats. It is strange if personal service may be avoided in justice of the peace garnishment actions when it cannot be in circuit court actions in like circumstances as to residence of the parties; strange if justice courts have jurisdiction where the circuit court would not have if the action were brought in that court.

For the reasons above stated I think the motion to quash the writ should have been denied and the judgments of the justice of the peace vacated as void.

FAIRCHILD, J. (*dissenting*). I cannot agree with the conclusions reached by the majority because there is no valid extension of the jurisdiction of a justice of the peace of Brown county so as to permit that court, under the controlling facts of this case, to summon a resident of Forest county, and in default of his appearance enter judgment against him. The jurisdictional fact is that there is but one territory in which a justice of the peace has jurisdiction and that, under our statute, is the county in which the defendant or some property of his, is located. Here, the parties interested in the principal action are both within the territorial limits of Forest county and the justice court in Brown county was fully advised of the residence of the principal defendant.

The justice court in Brown county attempted a service of the principal defendant by publication. In actions against nonresidents of a state, it is well established that jurisdiction over such persons cannot be acquired by publication. *Pennoyer v. Neff* (1877), 95 U. S. 714, 24 L. Ed. 565. Any attempt to so exercise jurisdiction is a violation of due process. Although statutes providing for acquisition of jurisdiction over residents by publication, where personal service is impossible, have been held constitutional, it is a denial of due proc-

ess of law to allow acquisition of jurisdiction by publication, where personal service is possible and practical within the state. *Bardwell v. Collins* (1890), 44 Minn. 97, 46 N. W. 315. Indeed, the Wisconsin statutes in no other cases provide for service of publication of a resident who is within the jurisdiction of the state and available for personal service.

Since, therefore, the justice was without jurisdiction, *in personam,* by virtue of the nonresidence in the county, of the principal defendant, the other question raised is whether there is property of the defendant located in Brown county sufficient to confer jurisdiction on the justice. This court had occasion to pass on a similar situation concerning interstate relations in *Renier v. Hurlbut* (1891), 81 Wis. 24, 32, 50 N. W. 783. In that case a principal defendant was domiciled in Wisconsin and the garnishee plaintiff, a Minnesota corporation, commenced a garnishment action against an insurance company incorporated in Boston, by serving garnishee process upon its agent located at Chicago. The court held that the Illinois court had no jurisdiction to render judgment in the garnishment proceedings for the reason that the indebtedness had a situs only in Wisconsin where the creditor lived or at the home office of the company in Massachusetts, "certainly not with the respective agents of that company, wherever located in the several states." Since a justice court's jurisdiction is limited territorially, it must be concluded that the intent of the legislature was to give the justice court jurisdiction only where property or credits are located within the county. And, consequently by analogy, the ruling in *Renier v. Hurlbut, supra,* should govern and the situs of the debt established either in Forest county where the creditor resides or at the home offices of the railroad company—certainly not in Brown county.

The interpretation of the statute outlined in the majority opinion ignores the essential elements of jurisdiction and attempts to bring together factors which in this case are completely disassociated. There can be no fair claim that a debt

is due the relator from any corporation or individual having a residence or place of business in Brown county. It advances a theory that in a garnishee action, when a debtor is working for a railroad, he may be sued under the fiction of a presence of the employer in any county in the state through which the lines of his employer run. Not only is this theory contrary to the intent of the legislature, but it seems to me to place upon a man working for a railroad in a switchyard in Wabeno, Forest county, a burden to which no other debtor is subject, and hence creates an unwarranted classification. Every other debtor in the state can know with reasonable certainty where a garnishee action will be brought—either at the residence of a personal debtor or at the principal office of a corporate debtor. To single out one class of debtors and subject it to a greater burden than is imposed on others results in discrimination and is an unreasonable classification, hence unconstitutional.