Mr. Justice McLEAN
 

 delivered the opiñion of the court.
 

 This is an appeal from the District Court for the northern district of Alabama. .
 

 The bill was filed to foreclose a mortgage, given to secure the payment of $12,000. Payments on this debt were made, amounting to the sum of $8,527, the last payment being made the 9th of October, 1839. An account was prayed, and that the mortgaged premises might be sold.
 

 A supplemental bill was filed the 30th of November, 1843, stating that the last instalment of the mortgage debt had become due, and praying that the premises might be sold to satisfy that payment also. .
 

 The answer admitted the allegations of the bill, but claimed an additional credit of $600 on the mortgage. On the 23d of May, 1844, a final decree was entered, directing a sale of the mortgaged, premises to pay the amount due, stated to be $10,077.68, with interest to the time of sale. Afterwards, at November term, 1848, the commissioner, who had been appointed to make the sale, returned that Cox, the defendant, had, without sale of the property, paid him the balance d]ie under the decree, after deducting certain payments made before his appointment, which amounted to the sum.of $8,318.47, which was brought into court.
 

 At that term an entry in the cause was made, by consent of the solicitors of the parties, that all matters of account between John H. Lewis and his late client, Thomas A. Ronalds, deceased, and between the said Lewis and John D. 'Wolfe, executor, and Maria D. L. Ronalds, executrix, of the last will and testament of Thomas A. Ronalds, be referred to the standing master in chancery, “ who was directed to report a statement thereof, and of all his proceedings relative thereto, to the next term of the court.” '
 

 At November term, 1850, the master filed his report, which was exceedingly voluminous — covering more than two hundred and sixty pages of the record.
 

 
 *282
 
 The master states an account, in which he charges Lewis with ,all sums, and interest, from the time he became charge- ■ able up to the date of the report, 25th of November, 1850, amounting to the sum of $63,461.71. He shows the amount of credits claimed, by Lewis, to same date, amounting to the sum of $55,966.82. Exceptions were filed to this report by both parties; and at May term, 1854, the court made a final decree on the master’s report; in which is set out the manner in which the controversy arose, and referring to the order of November term, 1848, founded upon the motion in the Cox ease, to remove Lewis from his capacity as attorney, so as to procure the payment to the complainants directly of the proceeds under the decree brought into court. And the court states that it considers the proceedings, as. .presented, not within its cognizance, inasmuch as no writ had been issued as between these parties,'no bill filed, and no suit in any form commenced ;^here was no allegation or charge on the one side,tor response or denial on the other; nor was the matter collateral to, or growing out of, any case pending.
 

 On consideration, the court-, though disposed to strike the matter from the docket, yet decreed that, as a large sum of money had been paid in under its order, it must be, in the language of the court, in some way paid out; and the exceptions to the master’s reports were overruled, and the same was confirmed; and the.marshal, as receiver, was ordered to pay over to Lewis the sum of $4,336.42 of the proceeds in his hands, and the residue, $3,982.05, he was directed to pay to the complainants. Erom this decree the complainants appealed. ■
 

 This was an'irregular proceeding, and without the authority of law. The bill was filed originally against Bartley Cox, the defendant, against whom the decree for the suni of $10,077.68 was- entered. This being done, Lewis prócured an order for his dismissal from the case, that he might bring up an account against Thomas A. Ronalds in his lifetime, and his executors since his decease, for professional services. And this was done without the form of suit, or the matter having any relation to the case before the. court. And when.it-is considered that Ronalds was a citizen of New York, and that his representatives are.citizens bf'New York, and do not seem to have had any notice, of this illegal procedure,, it can receive no sanction from this court. , ’' . .
 

 It is contended that Lewis, as counsel, had'a right tó receive and receipt for1 moneys in the case; and whether he was entitled to reserve any portion thereof or nofy can be properly tested only by a bill filed by the appellants against him to account.
 

 
 *283
 
 But the whole proceeding in behalf of Lewis, as against the -complainants, was irregular and void, the court having no jurisdiction of the matter. The order was of no importance that the decree should he without prejudice to either party, and not pleadable in bar to any subsequent litigation between them upon the same subject-matter, as the proceedings were invalid. But, as regards the complainants, it was error in the court to order any part of its original decree in their favor to he paid to one who was not properly before it as a party. Eor this purpose, neither complainants, nor the defendant, Lewis, were before the court, or amenable to its jurisdiction. The decree is therefore reversed, with costs. And the court direct that an order be transmitted to the Circuit Court, to require the defendant, Lewis, to pay over any money received by him under the decree to the proper officer of the court, that it may be paid to the complainants.