ANNA NORTH *vs.* MARYETT WEBSTER and others.

November 22, 1886.

Amendment of Pleadings after Judgment—Abuse of Discretion—Unreasonable Delay.—In an action of foreclosure, about nine years after judgment,—over eight years and a half after the judgment was fully satisfied by the sale of the mortgaged premises, and more than eight years after sale had been confirmed,—the court, upon motion of plaintiff, (no sufficient excuse being given for her delay in making the application,) made an order allowing plaintiff to amend the allegation of her complaint as to the date of the delivery of the mortgage, and directing that the question as to the date of such delivery be deemed at issue between the parties, and that issue placed on the calendar of the court for trial; and that if, upon the trial of the issue, it should be decided in favor of defendants, they should have the right to apply to the court to have the judgment, and all proceedings thereunder, and the final decree, vacated. *Held*, that the making of such an order was, under the circumstances, an abuse of discretion, both because the proceedings proposed to be had under the order were useless and frivolous, and because an amendment to a pleading, so long after judgment, ought not, under the circumstances, to have been allowed. The power to amend a pleading after judgment is one which should be sparingly exercised.

Appeal by Maryett Webster and other defendants from an order of the district court for Becker county, *Baxter, J.*, presiding.

*Samuel Appleton, C. B. Palmer,* and *Frank Ford,* for appellants.

*Warner, Stevens & Lawrence,* for respondent.

MITCHELL, J. This was an action of foreclosure commenced in September, 1877. The complaint alleged that the mortgage was

executed and delivered June 30, 1875. Judgment was rendered on default November, 1877, and the premises sold thereon in December, 1877, to the plaintiff, for the amount of the judgment, and the sale confirmed April 4, 1878, and the time of redemption expired April, 1879. Daniel G. Webster died in January, 1884, and in April, 1886, the action was, on motion of plaintiff, continued against his heirs. In June, 1886, on motion of plaintiff, the court made a final decree in the action, and at the same time made an order, without prejudice to proceedings already had, amending the complaint so that it alleged the execution and delivery of the mortgage on the seventh of July, 1875 ; and ordering the question whether the mortgage was delivered on the seventh of July, instead of June 30, 1875, be deemed to be at issue between the parties without answer; and that the said issue be placed on the calendar for trial by the court at the next term thereof; and that if, upon the trial of said issue, it shall be finally determined that the mortgage was delivered before July 7, 1875, defendants should have the right to apply to the court for an order vacating the original judgment, the order confirming the sale thereunder, and the final decree. From this order defendants appeal.

This rather remarkable practice seems to have been suggested to plaintiff by the fact that the widow and heirs of Webster have brought ejectment against plaintiff's grantees to recover possession of the mortgaged premises, and she seems to have the idea that the fact that the complaint alleges that the mortgage was executed June 30th (which was some days before Webster made final entry under the United States homestead act) might, in some way, affect the validity of the title acquired under the foreclosure. How the plaintiff expected to be benefited by this movement, or why it should be considered necessary, is to us incomprehensible. It would seem to us clear, on very elementary principles, that the judgment of December, 1877, in this action, is conclusive between the parties, and those in privity with them, in favor of the validity of the mortgage, and that the question is *res adjudicata*. The precise date of the execution of the mortgage alleged in the complaint was not material, and was not required to be proved exactly as alleged, and by no possibility could such an allegation affect the validity or conclusiveness of the judgment. Any

judgment that might hereafter be rendered under this amended complaint could be no more conclusive as to the validity of the mortgage than the one already rendered. The whole proceeding is therefore useless and futile.

The respondent suggests that, if this is so, the appellants cannot be harmed by the order, and therefore it should not be reversed. But the mere fact that, in the final result or outcome of the proceedings under the order, a party may not be prejudicially affected, is not necessarily a ground for refusing to reverse, if the order be one which the court should not have granted. A party has a right to be protected against having to appear in, or defend against, any such idle and frivolous proceedings, and on this ground, if there were no other, we think the order should be reversed.

The order is one that we think is without precedent. It will be observed that the amendment allowed is not one made to make the pleading conform to the facts proved, neither is it a correction of an error or mistake in the records of the court, but an order allowing the party to insert a new allegation in his pleading. This amendment was allowed almost nine years after judgment, over eight years and a half after the judgment was fully executed and satisfied by the sale of the premises, and more than eight years after the sale was confirmed. No sufficient excuse is offered by plaintiff for the long delay in making the application.

While our statute gives the court the power to amend a pleading after judgment, (Gen. St. 1878, *c.* 66, § 124,) yet it is a power that should be exercised sparingly. Without attempting or assuming to state or lay down any general rule as to when the court may allow an amendment to a pleading after judgment, we content ourselves with saying that, under the facts of this case, the granting of this order was an abuse of discretion, and therefore error.

We are of opinion that the order is appealable as one "involving the merits of the action, or some part thereof." Gen. St. 1878, *c.* 86, § 8.

We see no error in that part of the order directing the entry of a final decree in the action, but, except as to that part, the order is reversed.