Lewis, Appellant, vs. Chicago & Northwestern Railway Company, Garnishee, Respondent.

*October 5 — October 22, 1897.*

*Appealable order: Garnishment: Refunding money collected, on motion of principal defendant: Record on appeal.*

1. Where a judgment against a garnishee, rendered in a justice's court, has been reversed on appeal by the superior court, an order by that court requiring the plaintiff to restore to the garnishee the amount collected on said judgment is appealable to the supreme court. It is not a judgment, but is a final order affecting a substantial right,

made in a special proceeding, within the meaning of subd. 2, sec. 1, ch. 212, Laws of 1895.

2. A motion for such an order may properly be made by the defendant in the principal action, who is the only person interested in the restoration of the money, the garnishee being discharged by his paying the money into court.

3. A question which was determined by the lower court solely on the record may be reversed on appeal without a bill of exceptions.

4. Where, in the same garnishment proceeding in justice's court, two judgments were rendered for amounts due at different dates, and an appeal was taken from the judgment for the amount first due only, and the same was reversed, *held,* that an order granted after such reversal requiring the plaintiff to refund the money paid by the garnishee should include only the money paid upon said first judgment.

APPEAL from an order of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed.*

The case is stated in the opinion.

*J. E. Wildish,* for the appellant.

For the respondent there was a brief by *Blatchley & Smith,* and oral argument by *A. H. Blatchley.*

MARSHALL, J. Plaintiff, in an action in justice court against Robert A. Travers, garnished the *Chicago & Northwestern Railway Company.* The company answered, admitting an indebtedness of $57.67, part due and part to become due. Defendant Travers appeared in the garnishee action and claimed the indebtedness as exempt. An issue in that regard was duly formed and tried, resulting in a decision in plaintiff's favor. An order was thereupon entered, requiring the garnishee to pay into court, for the use of plaintiff, $45.17 within ten days, and $12.50 on the 20th day of December, 1895. The order was not complied with as to the first payment mentioned, and immediately upon such default being made a judgment in due form was rendered against the garnishee for $45.17. Default was thereafter made as to the payment of the $12.50, and on the 20th day

of December a second judgment was rendered for that amount. Thereafter defendant Travers appealed to the superior court from the first judgment. The case was tried on appeal and resulted in a decision that the garnishee was not liable for the reason that the indebtedness was exempt. A judgment of reversal of the judgment appealed from, with costs, was thereupon entered in favor of defendant Travers. On the 1st day of August thereafter a motion was made, based on the records, files, and proceedings in the action, including the judgment of reversal, for an order requiring plaintiff to restore to the garnishee the amount collected on the judgment appealed from. On such motion an order was entered, requiring plaintiff to restore to the garnishee $57.67 as the amount so collected, and to pay $10 costs of the motion. From such order this appeal was taken. The clerk of the superior court certified up to this court all of the papers used on the motion.

The respondent moved the court to dismiss the appeal upon the ground that it is from a judgment for less than $100, hence not appealable under ch. 215, Laws of 1895. Reliance is placed on the words of the statute (sec. 3772, S. & B. Ann. Stats.), "the order may be enforced as a judgment," and upon some language used in the opinion in *Kingsley v. G. N. R. Co.* 91 Wis. 380. The fact that the order may be enforced as a judgment, that is, by execution, does not make it one. A judgment is the final determination of the rights of the parties in the action. R. S. sec. 2882. There can be but one judgment in one action. That must finally dispose of the rights of the parties. *Singer v. Heller*, 40 Wis. 544; *Sellers v. Union Lumbering Co.* 36 Wis. 398. All directions of the court in writing, made before judgment, and all made afterwards based thereon, are denominative orders. R. S. sec. 2812. Manifestly, the only judgment entered in the action was the judgment of reversal. The order in question was entered after judgment, hence was not included in it, or

Lewis vs. Chicago & Northwestern R. Co.

any part of it. The language in *Kingsley v. G. N. R. Co.*, *supra*, to the effect that "orders erroneously imposing costs have been held to be so far in the nature of judgments as to be appealable when otherwise they would not be," was not intended to convey the idea that such orders are appealable as judgments. Reference was there made to previous decisions on the subject, all of which turned, not on whether such orders were to be considered as judgments, but on whether they were appealable as orders involving the merits of the action or some part thereof. Such orders were appealable prior to ch. 212, Laws of 1895, by subd. 4, sec. 3069, R. S. No reason is perceived why *Kingsley v. G. N. R. Co.* should be referred to as authority that an order imposing costs constitutes in any sense a judgment. Nothing of the kind was considered or decided in that case. Appeals are allowed from orders in certain cases and from judgments in certain cases. The distinction between the two is not one of judicial construction, nor is it controlled in any way by the question of whether an order does or does not impose costs. The statute determines what is a judgment and what is an order. Under the statute which formerly allowed appeals from orders involving the merits, a requirement for the payment of costs was deemed important in determining its appealability; that is, in determining whether it was an order involving the merits. Such was the rule laid down in *Cleveland v. Burnham*, 60 Wis. 16, to which all subsequent decisions on the subject refer. The question there was not whether the appeal was from an order or a judgment, but whether the order was one involving the merits of the action or some part thereof, and on that question the requirement for the payment of costs turned the scales.

What has preceded effectually disposes of the motion to dismiss, made on the ground that the order appealed from should be considered a judgment; but if it were otherwise, this court in *Eilers v. Wood*, 64 Wis. 422, expressly held that

the proceeding for the restoration of money paid on a judgment subsequently reversed is a special proceeding, not an action. Written directions of the court in the determination of special proceedings are orders. Judgments are not rendered in such proceedings, but in actions. R. S. secs. 2595, 2596.

It follows that the appeal is from an order, strictly so called. It is appealable under subd. 2, sec. 1, ch. 212, Laws of 1895, which provided among the orders that may be carried to the supreme court by appeal: "A final order affecting a substantial right, made in special proceedings or upon a summary application in an action after judgment."

On the merits of the appeal, it is assigned for error that the order was improperly granted on the motion of defendant in the principal action. No good reason is given to support that contention. The defendant was made a party to the garnishee action under the statute. He appealed to the superior court and contested with plaintiff the liability of the garnishee. The garnishee was discharged upon paying the money into justice court, under R. S. sec. 3723. So no one was interested in the restoration of the money but the party who made the motion for that purpose. Manifestly, the motion was properly made.

It is further assigned as error that the amount ordered to be restored is excessive; that it should have been limited to the amount paid on the judgment appealed from. In opposition to this, respondent contends that the question of what was the proper amount cannot be reviewed on this appeal because there is no bill of exceptions. If the question was determined by the lower court from facts *dehors* the record, such contention would have merit, but it was not; it was determined solely on the record. The motion was for a restoration of the money paid on the judgment appealed from. The order, we must assume, was granted pursuant to such motion. The papers upon which it was granted are all prop-

erly before the court, and clearly show that the amount of money paid upon the judgment appealed from was $45.17. There was, whether properly or not it is not necessary to say here, a second judgment rendered for $12.50, but the appeal was from the first judgment only. To be sure, it necessarily involved the question of whether the garnishee was liable at all, but, nevertheless, $45.17 only was paid to the justice on the judgment appealed from. Hence it was error to order a restoration of a greater sum. The fact that an additional amount was paid on another judgment from which no appeal was taken should not have been considered.

There is no other question presented that appears worthy of mention in this opinion. The court erred in requiring the restoration of $57.67. The order should have been for $45.17.

It follows, therefore, that the order appealed from must be reversed, and the cause remanded with directions to enter an order in accordance with this opinion.

