JOHN DEVLIN, Respondent, v. MARY E. HINMAN, Appellant.

1. APPEAL — FORM OF CERTIFIED QUESTION. Each question certified to the Court of Appeals by the Appellate Division should be separately stated, so that it can be answered yes or no; and several propositions should not be combined in a compound question, alternative in form, which cannot be categorically answered.

2. FAILURE OF PARTY TO ACTION TO COMPLY WITH ORDER OF RESTITUTION — PUNISHMENT AS FOR CONTEMPT. A party to an action is punishable as for a contempt by commitment or by striking out her answer, or by both, for failure to comply with an order of restitution directing her to restore, by payment to the county treasurer, money obtained by her from the depository of the court, under and by virtue. of a judgment rendered in her favor and thereafter reversed on appeal.

3. ENFORCEMENT OF RESTITUTION. Such order of restitution is not only enforceable by execution against the party's property.

*Devlin* v. *Hinman*, 40 App. Div. 101, affirmed.

(Argued November 20, 1899; decided November 28, 1899.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 4, 1899, reversing an order made at Special Term denying plaintiff's motion to strike out defendant's answer as for an alleged contempt and remitting the application to the Special Term for further hearing.

The question certified for review is stated in the opinion.

*Edward M. Grout* for appellant. The defendant's liability to repay or to deposit the money is wholly contractual. (*Haebler* v. *Myers*, 132 N. Y. 363; *Forstman* v. *Schulting*, 42 Hun, 643; Freem. on Judg. § 4; *G. P. & R. M. Co.* v. *Mayor, etc.*, 108 N. Y. 276; *O'Brien* v. *Young*, 95 N. Y. 428; *Taylor* v. *Root*, 4 Keyes, 335; *Merritt* v. *Fowler*, 76 Hun, 424.) The defendant's liability to repay the money being of the nature of an implied contract, and not arising out of any breach of trust, fraud or tort, committed by her in collecting the money under the judgment, there can be no other remedy against her than the conceded remedy by execution. (*Haebler* v. *Myers*, 132 N. Y. 363; *Myers* v. *Becker*,

95 N. Y. 486; *Walker* v. *Walker*, 82 N. Y. 260; Code Civ. Pro. §§. 16, 779, 1241, 1773; *Matter of Hess*, 48 Hun, 586; *Myers* v. *Becker*, 95 N. Y. 486.) It being conceded that there exists a remedy by execution to enforce the payment of this money there is no power to punish the failure to pay by contempt proceedings. (Code Civ. Pro. § 14; *Baker* v. *Baker*, 23 Hun, 357.) There is no more power to punish the failure to pay this money because the order or judgment directing its payment is interlocutory than there would be if it were a final judgment; nor because, solely by the payment of the money into court, this action became equitable, than there would be had it remained an action at law. (L. 1831, ch. 300, § 1; *Matter of Watson* v. *Nelson*, 69 N. Y. 536; *Strobridge* v. *Strobridge*, 21 Hun, 288; Code Civ. Pro. §§ 14, 16, 1241; L. 1877, ch. 417, § 1; L. 1881, ch. 537, § 1.) The power to punish for contempt is strictly statutory, and is limited to the cases covered by the statutes. (*Rutherford* v. *Holmes*, 5 Hun, 317; *Fromme* v. *Gray*, 14 Misc. Rep. 592; *People ex rel.* v. *Riley*, 25 Hun, 587; *Geery* v. *Geery*, 63 N. Y. 252.) Under the decisions of the courts orders or judgments of restitution are enforceable only by execution. (*Kennedy* v. *O'Brien*, 2 E. D. Smith, 104; *O'Gara* v. *Kearney*, 77 N. Y. 423; *Schulte* v. *Anderson*, 16 J. & S. 123.) Even if power to punish as a contempt disobedience of this order or judgment existed, plaintiff made out no case. (Code Civ. Pro. §§ 14, 2266.)

*John McCrone* for respondent. The order appealed from is not reviewable in this court, as it is not an actual determination. (Code Civ. Pro. § 190, subd. 2; *Grannan* v. *W. R. Assn.*, 153 N. Y. 449; *Baxter* v. *McDonnell*, 154 N. Y. 432; *Hearst* v. *Shea*, 156 N. Y. 169; *Matter of Robinson*, N. Y. L. J., Oct. 30, 1899.) The order of the Appellate Division, which is disobeyed, is a direction for the deposit of money, to wit, the sum of $48,261.73, and is the precise order or judgment to which section 718 of the Code is expressly applicable, and by such section a disobedience of such order or

judgment is punishable as a contempt. (Code Civ. Pro. §§ 718, 1241; *Lent* v. *Hodgman*, 15 Barb. 274; *Manice* v. *H. R. R. R. Co.*, 3 Duer, 426.) The order is distinctively for a deposit of money, and not a direction for a restitution of the money to the plaintiff; the right of plaintiff to the money is to be determined by the new trial. (*Haebler* v. *Myers*, 132 N. Y. 363; *Clark* v. *Pinney*, 6 Con. 299.) The order is to be considered as an order or interlocutory judgment in the action. (*Williams* v. *Conroy*, 52 Cal. 414; *Dillon* v. *C. M. L. Ins. Co.*, 44 Md. 386; *Harris* v. *Hauser*, 26 W. Va. 595; *Smith* v. *Lewis*, 1 Daly, 452; Freeman on Judgments, §§ 14, 15; *Hoffman* v. *Barry*, 2 Hun, 52; Daniell's Ch. Pl. & Pr. [5th ed.] § 1033; *Thompson* v. *Brown*, 4 Johns. Ch. 636; *Norton* v. *Talmadge*, 3 Edw. Ch. 310; *Gray* v. *Cook*, 24 How. Pr. 432.) Execution cannot be issued upon the order, considered either as an order or judgment. (Code Civ. Pro. §§ 1638, 1639; *Matter of Leeds Banking Co.*, L. R. [1 Ch. App.] 150; *U. L. Tel. Co.* v. *Stevens*, 67 Md. 156; Herman on Executions, § 54.) Section 779 of the Code of Civil Procedure has no application to the order. (Code Civ. Pro. §§ 1366, 1368, 1369.) The money is not due upon a contract express or implied. (*Mabie* v. *Bailey*, 95 N. Y. 210; *Beaver* v. *Beaver*, 117 N. Y. 430; *Decker* v. *U. D. S. Inst.*, 15 App. Div. 553.) It has been expressly decided by this court that a disobedience of an order or judgment for the payment of money into court is punishable as a contempt. (*Whitman* v. *Haines*, 14 N. Y. Supp. 48; *Gildersleeve* v. *Lester*, 68 Hun, 536.) The action being in equity and the disobedience of the order being a contempt, the court has power to strike out the answer of defendant. (*Walker* v. *Walker*, 82 N. Y. 260; *Richards* v. *Judson*, 15 Abb. Pr. [N. S.] 184; *Farnham* v. *Farnham*, 9 How. Pr. 231; *Clark* v. *Clark*, 11 Civ. Pro. Rep. 7; *Brisbane* v. *Brisbane*, 34 Hun, 339; *Quigley* v. *Quigley*, 45 Hun, 26.)

*Per Curiam.* The learned Appellate Division gave the defendant leave to appeal to this court from its order of

reversal, and certified that "the following question of law * * * ought to be reviewed by the Court of Appeals: * * * ' Is a party to an action punishable as for a contempt by commitment or by striking out her answer, or by both, for failure to comply with an order of restitution directing her to restore, by payment to the county treasurer, money obtained by her from the depository of the court, under and by virtue of a judgment previously rendered in her favor and thereafter reversed on appeal, or is such order of restitution enforceable only by execution against her property ?' "

This is a compound question, alternative in form, which cannot be categorically answered. While neither Constitution nor statute expressly requires, convenience suggests that each question certified to this court by the Appellate Division be separately stated, so that it can be answered yes or no.

We have decided to affirm the order appealed from upon the opinion of the court below, and, dividing the question into two parts, to answer them as follows:

(1) "Is a party to an action punishable as for a contempt by commitment or by striking out her answer, or by both, for failure to comply with an order of restitution directing her to restore, by payment to the county treasurer, money obtained by her from the depository of the court, under and by virtue of a judgment previously rendered in her favor and thereafter reversed on appeal ?"

(2) "Is such order of restitution enforceable only by execution against her property ?"

Confining these questions to the facts of this case, we answer the first in the affirmative and the second in the negative.

The order should be affirmed, with costs, and the questions certified answered as indicated in this memorandum.

All concur.

Order affirmed.