(72 Misc. Rep. 116.)

EDISON ELECTRIC LIGHT CO. et al. v. TIPLESS LAMP CO.

(Supreme Court, Special Term, New York County. May, 1911.)

1. DISCOVERY (§ 107*) — STATUTORY PROVISION — PRODUCTION OF WRITING — FAILURE TO COMPLY WITH ORDER.

Where an order to defendant corporation served on the corporation and its then president required the production before a referee of such books and papers as contained entries showing the number of lamps sold by the corporation under a license agreement for the purpose of aiding the memory and refreshing the recollection of the officers of the corporation, and the officer on whom the service was made, who, at the time of the hearing had become the treasurer of the corporation, when questioned concerning sales, answered that he did not remember, that he did not produce the books and papers mentioned in the order, that he made no effort to find them, and that they might have been destroyed, and the referee found that the books were in the custody of the corporation shortly before the making and serving of the order, and that they had not shown by common-law proof the destruction of the books, or that they were not under the control of the corporation, and that their failure to comply with the order defeated, impeded, impaired, and prejudiced the

rights of the plaintiffs, such nonproduction of the books and papers without any satisfactory explanation therefor constituted willful contempt of court.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 139; Dec. Dig. § 107.*]

2. DISCOVERY (§ 107*)—STATUTORY PROVISION—PRODUCTION OF WRITING— FAILURE TO COMPLY WITH ORDER.

Under Code Civ. Proc. § 874, providing that, if a party fails to obey an order for the production of books or papers, his attendance may be compelled, and he may be punished in like manner as if he failed to obey a subpœna issued from a court in which the action is pending, and section 853, providing that a person subpœnaed, who fails, without reasonable excuse, to obey an order duly served upon him, requiring him to attend and be examined, or to attend and bring with him a book or a paper, is liable, in addition to punishment for contempt, for the damages sustained by the party aggrieved in consequence of the failure, and $50 in addition thereto—where a defendant corporation and its treasurer, who were served with an order to produce books and papers at a hearing fixed before trial, failed to comply with the order, the treasurer should be fined an amount equal to the expenses of two references had to procure the testimony, and the corporation fined $250, and have its answer stricken out, and the plaintiff permitted to proceed as on a default in pleading.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 139; Dec. Dig. § 107.*]

Action by the Edison Electric Light Company and others against the Tipless Lamp Company. Motion to punish defendant for contempt in failing to produce books under order of court. Motion granted.

Edward H. Childs, for plaintiffs.
Corbitt & Stern, for defendant.

PAGE, J. [1] This action was brought to recover royalties alleged to be due from the defendant to the plaintiffs upon the lamps made and sold by the defendant under a license agreement. The amount of royalties being predicated upon the manufacture and sale by the defendant, the books of the defendant contained the evidence necessary to prove plaintiffs' cause of action. An order was granted for the examination before trial of the defendant by Herman J. Jaeger, its then president, and by Edward L. Crans, its then secretary, before a referee on the 27th day of June, 1910, and said defendant was further ordered to produce before said referee such of its books and papers covering the period specified in the complaint as contained entries showing the number of incandescent lamps of all classes sold and invoiced by it during said period or any part thereof, such production being for the purpose of aiding the memory and refreshing the recollection of said Jaeger and Crans, and not for the purpose of inspection by the plaintiffs or their counsel or for any purpose except the use of said witnesses. This order was personally served upon the defendant company and Herman J. Jaeger. Mr. Jaeger appeared before the referee and submitted to an oral examination. When, however, questions were asked tending to show the sales made during the period covered by the complaint, he answered, "I do not remember," and stated he had not produced the books and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that they might have been destroyed.   He made no effort to find them.   The defendant did not produce the books by any one else.   It transpired that there had been a new board of directors elected, and that Jaeger was, at the time of the examination, the treasurer of the defendant and had access to the books, and that he had delivered the order for their production to the president of the company.

A motion was made for the punishment of the defendant and Jaeger for their contempt of court.   The facts not being sufficiently before the court, a reference was ordered to take proof of the facts with respect to the failure of the defendant to produce such books and papers as ordered by the court, and as to their alleged destruction, and report to the court.   The referee has found that the defendant and Herman J. Jaeger, its treasurer, failed and neglected to produce said books and papers as required by the said order; that the said books and papers required to be produced by said order were in the custody and control of the defendant and Herman J. Jaeger, its treasurer, shortly prior to the issuance and service of said order; that the defendant and its treasurer, Herman J. Jaeger, have not shown by competent common-law proof that the said books and papers have been destroyed, or that they are not under the control of the defendant, and were not in its possession or under its control at the time of the service of said order; that the failure of the defendant and Herman J. Jaeger to comply with said order did defeat, impede, impair, and prejudice the rights of the plaintiffs.   An examination of the record before the referee shows that these findings are entirely justified by the evidence and that the failure of the defendant and its treasurer, Jaeger, to produce the books and papers in compliance with the order for examination did defeat, impede, impair, and prejudice the rights of the plaintiffs and resulted in a substantial miscarriage of justice, and that the defendant and Jaeger are in contempt of court.

The matter now comes on for a hearing upon the referee's report and upon the original motion.   The failure of the defendant and its treasurer, Jaeger, to produce these books and papers under the court's order and the subsequent failure to offer any satisfactory explanation for their nonproduction constitutes a contempt (Holly Mfg. Co. v. Venner, 74 Hun, 458, 26 N. Y. Supp. 581), the plaintiff having shown, beyond a reasonable doubt, that the defendant's failure so to do was a willful refusal to do as the court directed.   Matter of Wegman's Sons, 40 App. Div. 632, 57 N. Y. Supp. 987.

[2]   The difficulty lies in fixing the appropriate penalty.   Section 874 of the Code of Civil Procedure provides:

"If the party or person so served fails to obey the order, his attendance may be compelled, and he may be punished in like manner, and the proceedings thereon are the same, as if he failed to obey a subpœna, issued from the court, in which the action is pending."

Section 853 reads, so far as material to the question under consideration:

"A person so subpœnaed. * * * or a person who fails, without reasonable excuse, to obey an order, duly served upon him, made by the court, or a judge, in an action, before or after final judgment therein, requiring him to

attend, and be examined, or so to attend, and bring with him a book or a paper, is liable, in addition to punishment for contempt, for the damages sustained by the party aggrieved in consequence of the failure, and fifty dollars in addition thereto. Those sums may be recovered in one action, or in separate actions. If he is a party to the action in which he was subpœnaed, the court may, as an additional punishment, strike out his pleading."

[The imposition of a fine and the bringing of an action for the recovery of the damages sustained would be inadequate relief for the wrong done. The defendant has deprived the plaintiffs of the means of establishing their full damage by the destruction or concealment of the books which contain the entries upon which they are compelled to rely to prove their cause of action. The damages provable would be the expenses of the reference and the amount paid to counsel for services rendered necessary by the failure to produce the books. Plaintiffs would still be unable to prove their case; and defendant would thus be able, by the payment of a comparatively small sum, to escape its liability on plaintiffs' cause of action. That a party may not thus be allowed to defeat or impair the remedy to which the adverse party is entitled, the proper and adequate relief would be to strike out his answer and permit the plaintiff to obtain judgment for the amount demanded in the complaint as upon a default.] The power of this court to so deal with a party in contempt has frequently been recognized and exercised in this state until questioned by the United States Supreme Court in Hovey v. Elliott, 167 U. S. 409, 17 Sup. Ct. 841, 42 L. Ed. 215, which disapproved of Walker v. Walker, 82 N. Y. 260, the court saying:

"A more fundamental question yet remains to be determined; that is, whether a court possessing plenary power to punish for contempt, unlimited by statute, has the right to summon a defendant to answer, and then, after obtaining jurisdiction by summons, refuse to allow the party summoned to answer, or strike his answer from the files, suppress the testimony in his favor, and condemn him without consideration thereof, and without a hearing, on the theory that he has been guilty of a contempt of court. The mere statement of this proposition would seem in reason and conscience to render imperative a negative answer. The fundamental conception of a court of justice is condemnation only after hearing. To say that courts have inherent power to deny all right to defend an action and to render decrees without any hearing whatever is, in the very nature of things, to convert the court. exercising such an authority into an instrument of wrong and oppression, and hence to strip it of that attribute of justice upon which the exercise of judicial power necessarily depends." Page 414 of 167 U. S., page 843 of 17 Sup. Ct. (42 L. Ed. 215).

Since this decision the Appellate Division has in two cases felt itself compelled to follow it, as the final expression of the highest court upon a federal question (Sibley v. Sibley, 76 App. Div. 132, 78 N. Y. Supp. 743; Harney v. Harney, 110 App. Div. 20, 96 N. Y. Supp. 905), while the Court of Appeals does not seem to have so considered it (Devlin v. Hinman, 161 N. Y. 115, 55 N. E. 386). We, however, are relieved from all embarrassment by the decision of the United States Supreme Court in Hammond Packing Co. v. Arkansas, 212 U. S. 322, 29 Sup. Ct. 370, 53 L. Ed. 530, in which an order striking out the answer of a corporation for a refusal to produce books and papers on an examination before trial and judgment entered

thereon by default pursuant to a state statute were before the court for consideration and affirmed. The court thus distinguishes its former decision:

"Hovey v. Elliott involved a denial of all right to defend as a mere punishment. This case presents a failure by the defendant to produce what we must assume was material evidence in its possession, and a resulting striking out of the answer and a default. The proceeding here taken may, therefore, find its sanction in the undoubted right of the lawmaking power to create a presumption of fact as to the bad faith and untruth of an answer begotten from the suppression or failure to produce the proof ordered, when such proof concerns the rightful decision of the cause. In a sense, of course, the striking out of the answer and default was a punishment; but it was only remotely so, as the generating source of the power was to create a presumption from failure to produce. The difference between mere punishment, as illustrated in Hovey v. Elliott, and the power exerted in this, is as follows: In the former, due process of law was denied by the refusal to hear; in this, the preservation of due process was secured by the presumption that the refusal to produce evidence material to the administration of due process was but an admission of the want of merit in the asserted defense."

Whether this distinction of its former ruling is sound it is not necessary to consider. As the last expression of its decision upon the power of the state courts to deal with the particular offense involved in this application, and being in harmony with our decisions, it may safely be followed. In this case we do not have to assume, as it affirmatively appears, that the evidence which the defendant failed to produce was most material to the decision of the cause.

Herman J. Jaeger will be adjudged guilty of contempt of court and fined in an amount equal to the expenses of the two references, the amount to be determined on the settlement of the order. The defendant will be adjudged guilty of contempt of court and fined $250; and, in addition thereto, because of its failure to produce, when ordered so to do, the books and papers containing material evidence for the plaintiffs, the answer of the defendant will be stricken out, and the plaintiffs may proceed as upon a default in pleading, with ten dollars costs of this motion. Settle order on notice.

Ordered accordingly.