Antoinette Todd, Plaintiff, *v.* Silk Association of America, Defendant.

(City Court of the City of New York, Special Term, June, 1917,)

Contempt — who may be punished for — depositions — motions and orders — witness.

> A party guilty of disobedience of an order requiring him to appear for examination as a witness may be punished as for contempt or his pleading stricken out, or both.
>
> It is necessary, however, before a party can be so punished, that it be adjudicated that he was guilty of the contempt charged, and also that his conduct had a tendency to and actually did defeat, impair, impede or prejudice the rights or remedies of the complaining party and the order should contain these necessary recitals.
>
> Upon motion to punish a corporation defendant for contempt and to strike out its answer for the failure of its secretary to appear in obedience to an order for its examination before trial, it appeared that though the defendant's attorneys were familiar with the contents of the moving affidavits and of said order no copy of the motion papers was served upon them, and there was no affirmative proof showing tender or payment of fees to the witness. *Held,* that an order adjudging defendant in contempt and striking out its answer was ineffective and it was not incumbent upon the witness to obey its directions, and a motion to set aside said order will be granted.

Motion to punish defendant for contempt and to strike out its answer.

Joseph Krinsky, for plaintiff.

Austin, McLenahan & Merritt (Geo. C. Austin, of counsel), for defendant.

Strasbourger, J. Plaintiff obtained an order for the examination before trial of defendant, a corporation, by its secretary. Its secretary failed to appear

as directed by the order, whereupon plaintiff moved to punish the defendant for contempt and to strike out its answer pursuant to the provisions of sections 853 and 874 of the Code of Civil Procedure. On the return day of this motion it appeared that a copy of the papers had not been served on the defendant's attorneys, though it became evident on the hearing that they were apprised of the existence of the order and accompanying affidavits and were familiar with their contents. There was also no affirmative proof showing tender or payment of fees to the witness. Counsel for defendant urged that by reason of the irregularities above set forth it was not incumbent upon the witness to attend and submit to examination. At one time the question to be considered upon the failure of a witness to appear because his fees were not paid him was whether his non-attendance was due to inability on the one hand or obstinacy on the other. The court, in the interests of justice, having in mind the fact that attorneys for defendant were familiar with the contents of the order already served, and believing, as it still does, that it was not inability that caused the witness to refrain from appearing as directed, sought to avoid the law's delay for which courts and judges are so frequently criticised, and indicated that it would grant the motion unless the defendant, by its secretary, submitted to examination in conformity with the terms of the order within two days thereafter. Obviously, unless this were done, plaintiff would be compelled, solely by reason of the technical objections raised by defendant, to proceed entirely anew to secure his examination. Nevertheless, defendant's secretary failed to appear as directed. An order was thereupon signed striking out its answer. Subsequently judgment was entered in favor of plaintiff and execution issued to

the sheriff. Application is now made to set aside this order and all proceedings founded thereon on the following grounds: (1) That as no witness fees were paid and no copy of the papers served on the attorneys for the defendant the court was without power to require the witness to attend for examination; (2) that the court was without power to strike out an answer as a penalty for disobedience of its order, and (3) that the order contained no adjudication that the acts complained of defeated, impaired, impeded or prejudiced the rights and remedies of the plaintiff. These objections will be considered in inverse order. The penalty for disobedience of an order requiring a party to appear for examination as a witness is twofold: (1) He may be punished as for a contempt (Code Civ. Pro. § 874); (2) his pleading may be stricken out. Id. § 853. Neither remedy is exclusive. The party can be punished or his pleading may be stricken out, or both. It is necessary, however, before a party can be punished that it be adjudicated that he was guilty of contempt and also that his conduct has a tendency to and actually does defeat, impair, impede or prejudice the rights or remedies of the party complaining. The order presented to and signed by the court did not contain these necessary recitals. The power of the court to strike out the pleading of a party, though frequently exercised, was rendered extremely doubtful by the decision of the United States Supreme Court in *Hovey* v. *Elliott,* 167 U. S. 409, where the court indicated that the infliction of such penalty was repugnant to the equal protection and due process clauses of the Fourteenth Amendment. The same court, however, in *Hammond Packing Co.* v. *Arkansas,* 212 U. S. 322, distinguished and modified its former holding in the *Hovey* case. The question before the

City Court of New York, June, 1917.    [Vol. 100.

court in the *Hammond* case was the right of a state court to strike out the answer of a defendant corporation for its refusal to obey an order requiring it to produce books and papers on an examination before trial. The opinion, so far as here pertinent, is as follows: "*Hovey* v. *Elliott* involved a denial of all right to defend as a mere punishment. This case presents a failure by the defendant to produce what we must assume was material evidence in its possession, and a resulting striking out of the answer and a default. The proceeding here taken may, therefore, find its sanction in the undoubted right of the law-making power to create a presumption of fact as to the bad faith and untruth of an answer begotten from the suppression or failure to produce the proof ordered, when such proof concerns the rightful decision of the cause. In a sense, of course, the striking out of the answer and default was a punishment; but it was only remotely so, as the generating source of the power was to create a presumption from failure to produce. The difference between mere punishment, as illustrated in *Hovey* v. *Elliott,* and the power exerted in this is as follows: In the former due process of law was denied by the refusal to hear; in this, the preservation of due process was secured by the presumption that the refusal to produce evidence material to the administration of due process, was but an admission of want of merit in the asserted defense." In *Edison Electric Light Co.* v. *Tipless Lamp Co.,* 72 Misc. Rep. 116, which was a motion to punish the defendant for contempt by reason of its failure to obey an order requiring it to appear for examination and to produce certain books and papers, Mr. Justice Page in writing the opinion considers the effect of the decision in the *Hammond Packing Co.* case, *supra,* and concludes that it is in harmony

with the decisions of the courts of this state, notably *Devlin* v. *Hinman,* 161 N. Y. 115. He accordingly adjudges the defendant in contempt, imposes a fine, and directs that its answer be striken out. Here the defendant had every opportunity to have its day in court and needed only to comply with an orderly and fair procedure in the interests of justice. Its failure to do so justified the inference that it had no legal defense, and was therefore relying on technicalities to hinder and delay the plaintiff in having her day in court. The effect of plaintiff's failure to pay fees to the witness and to serve a copy of the order on the attorneys for defendant must now be considered. Section 852 of the Code of Civil Procedure, prescribing the mode of service of a subpoena, also provides that the fees allowed by law must be paid or tendered to the witness. The amount of these fees is fixed by section 3318. Upon service of an order for the examination of a party before trial witness fees at the rate prescribed by law in an action in the Supreme Court must be paid or tendered. § 874. So, also, pursuant to the provisions of section 875 of the Code, must a copy of the order for examination be served on the attorneys for the party sought to be examined. In this case the fees were neither paid nor tendered to the witness, nor was a copy of the order served upon his attorneys. The order therefore did not become effective, and it was not incumbent upon the witness to obey its directions. *Turk* v. *Koehler & Co.,* 144 App. Div. 53; *Bradley & Currier* v. *Harrison,* 23 Misc. Rep. 241; *Berg* v. *Scott,* 2 Brad. 119; *Grant* v. *Greene,* 121 App. Div. 756. In view of the foregoing the duty of the court is clear. It may not favor technical objections, but it must, even though reluctantly, recognize them. Apparently neither the provisions of section 723 nor section 768 of the Code of Civil Procedure relating to

the curing of defects or the supplying of deficiencies afford relief. It follows that the motion must be granted, but, under the circumstances, without costs. The order may also provide that the original order for examination be vacated, without prejudice, and may be settled on one day's notice.

Ordered accordingly.