[File No. 6344.]

AGRICULTURAL BOND & CREDIT CORPORATION, a Corporation, v. COURTENAY FARMERS CO-OPERATIVE ASSOCIATION, a Corporation, et al.,

Courtenay Farmers Co-operative Association, a Corporation, and Atlantic Elevator Company, a Corporation, Respondents.

LARSON OIL COMPANY, a Corporation, The Union Central Life Insurance Company, a Corporation, Oliver Farm Equipment Company, a Corporation, S. M. Posey and Matt Burkhard, Appellants.

(262 N. W. 453.)

Opinion filed August 24, 1935.   Rehearing denied September 17, 1935.

*M. W. Duffy,* for Larson Oil Company, Appellant.

*Nilles, Oehlert & Nilles,* for Union Central Life Insurance Company, Oliver Farm Equipment Company and S. M. Posey, appellants.

*Buck & Buck,* for Matt Burkhard, appellant.

*Coffey & Strutz,* for Courtenay Farmers Co-operative Association and Atlantic Elevator Company, respondents.

BURKE, Ch. J.   During the farming season of 1930 S. M. Posey, Carl Engle, Ben Engle and John Doyle raised large quantities of wheat, flax and barley and after threshing, the said grain was stored in the warehouses of the Courtenay Farmers Co-operative Association and the Atlantic Elevator Company in Courtenay, North Dakota. There were many claims, such as seed liens, labor liens and mortgages, against this grain and the Agricultural Bond and Credit Corporation claiming to have a thresher's lien upon all of said grain, brought an action to foreclose such lien, making all others claiming liens on the said grain parties.   From the judgment entered in said action, there was an appeal to this court.   Agricultural Bond & Credit Corp. v. Courtenay Farmers' Co-op. Asso. 64 N. D. 253, 251 N. W. 881.

The Courtenay Farmers Co-operative Association and the Atlantic Elevator Company did not join in the appeal, but their attorneys filed briefs and appeared and made oral argument before this court in behalf of said parties.   The appeal demanded a trial de novo and the rights of all of the parties were considered and fully determined.

On October 30, 1930, the Courtenay Farmers Co-operative Association and the Atlantic Elevator Company, in which all of the grain involved was stored, applied to the district court for an order to deposit the storage receipts in the office of the clerk of the district court under § 7593, Compiled Laws 1913, and under an order duly made the storage receipts, issued by the said elevator companies, were duly deposited in the office of the clerk of the district court, in which the action was pending, and it was further ordered that none of the grain be sold until the further order of the court.

On appeal it was held that the deposit was legal and the storage of the grain from the date of said order was a part of the costs of said action and a first lien upon the said grain for the payment of the storage of the grain from and after the date of said order until the legal sale of said grain, together with interest thereon at 6%.

It was further decided on appeal "that the claims herein established are liens upon all of the grain grown upon the said lands during the year and the lien holders are entitled to judgment against S. M. Posey, Carl Engle, Ben Engle and John Doyle for the amount of their claims and for a foreclosure of their liens and a sale of all the grain on deposit raised upon said land during said farming season and for costs."

Judgment on the remittitur was duly entered as directed by this court and thereafter a special execution was issued and returned unsatisfied by the sheriff, which return states that the sheriff was unable to find any of the grain described in said execution, or any of the original storage receipts therein described; that the clerk of the district court reported that the storage receipts were delivered by him in 1932 to the firm of Coffey and Strutz, attorneys for the defendants, Courtenay Farmers Co-operative Association and Atlantic Elevator Company, and have not been returned, though a return thereof has been demanded. That the execution was served on J. A. Coffey, member of the firm of Coffey and Strutz, and upon the defendants and a demand was further made for the value of the grain represented by each of said storage receipts, less legal storage charges, and the managers of the defendant companies stated that none of said grain was in the possession of said defendants, but had been sold by its attorney, J. A. Coffey.

Thereafter and on the 25th day of September, 1934, notice of motions to require the said elevator companies to restore and bring into court the grain represented by the original storage receipts, issued by said defendants and deposited with the clerk, describing the grain represented by the storage receipts, were served upon the said defendant elevator companies.

In support of the motion in each matter is the return of the sheriff and the affidavit of L. H. Oehlert; said affidavit, in each matter, stated that "a few days prior to the 8th day of August, 1932, said J. A. Coffey caused the storage tickets mentioned and described in the attached

Motion and Notice of Motion to be removed from the office of the Clerk of the District Court, . . . and that said storage tickets cannot now be found. That affiant has heretofore and since the time of said removal of said storage tickets personally demanded of said J. A. Coffey that he and his said clients return said storage tickets to said office of the Clerk of the District Court, and that he and his said clients have failed, neglected and refused to return the same."

In opposition to the said motion, J. A. Coffey filed an affidavit stating that he is the attorney for the elevator companies; "that there were many claimants to said grain . . . and the said two defendants did avail themselves of the deposit statute of this state and make deposit of the storage tickets, representing said grain, with the Court, the said storage tickets being left with and deposited with the Clerk of this Court until the further order of the court; that after said case was tried this Honorable court rendered a decision in said cause and the same was filed, and a judgment duly entered upon the order and decision of the court on the 7th of June, 1932; that said judgment directed the grain so deposited by these two defendant elevator companies be sold; . . . that an appeal was taken; that the two defendant elevator companies were asked to join in the said appeal but refused to do so; . . . this affiant, representing the said defendant elevator companies consulted with the court upon three different occasions with reference to the provision of the said judgment requiring a sale of the said grain; that the court informed this affiant that the parties herein named were appealing and had asked for a stay or supersedeas and that a stay had been denied and refused unless the said defendants, the parties now before this court on this motion, should furnish a bond as required by law; that the court informed this affiant that said defendants refused to furnish a bond staying proceedings; that thereafter the court informed this affiant that the stay had been denied because of such refusal to furnish such bond; that thereafter with full knowledge, consent and authority of the court this affiant and Alvin C. Strutz, his associate at that time, came to the custodian of said tickets, the clerk of this court, and the said storage tickets were delivered up to the attorneys for the said elevator companies for the purpose of selling the grain represented by the said storage tickets;

that the said grain was accordingly sold according to the terms of the said storage tickets and the proceeds thereof deposited with the clerk of said court in lieu of the storage tickets; that thereafter the clerk of this court informed the defendant, including the defendants now appearing upon this motion, of the sale and that the proceeds of said sale were on deposit with him for them; that said sale was made on or about the 8th day of August, 1932, at a time when the price of grain was higher than for a long period of time. That the said defendants have at all times undertaken in good faith to comply with the orders of the court in handling and disposing of said grain."

Upon this record the court denied each motion. The order in each case being identical and as follows, to-wit:

"Motion for an order requiring defendant Courtenay Farmers Co-operative Association, and/or its attorneys, Coffey & Strutz, to restore and bring into court the grain represented by and/or the original storage tickets issued by defendant, and which were deposited with the Clerk of this court pursuant to order of this court, dated October 30th, 1930, duly coming on for hearing at the Chambers of this court in the courthouse, in the city of Jamestown, Stutsman County, North Dakota, on the 15th day of October, 1934, M. W. Duffy appearing in support of said motion and J. A. Coffey appearing for said respondents; and the Court having made reference to the affidavits of L. H. Oehlert and J. A. Coffey and all of the records and files and proceedings in the above entitled action had; and

"IT HAVING BEEN MADE TO APPEAR that this Court after trial and decision rendered and filed, including findings of fact, conclusions of law and order for judgment, that judgment was herein rendered and entered on the 7th day of June, 1932, which among other provisions in said judgment provided:

" 'It is further the judgment and decree of the court that the said grain constituting the said deposit estate hereinbefore described and which was deposited by the said defendants Courtenay Farmers Co-operative Association and Atlantic Elevator Company, be sold according to law and in the order as provided herein, and that the sale be made of said deposit estate according to the order of preference as herein, and that upon the payment of same, that the same be applied accordingly

and that if any is remaining on hand after said sales as hereinbefore described, that the same be paid to the defendants Carl Engle, Ben Engle and John Doyle, and that upon the compliance with the decree of the court that the said Courtenay Farmers Co-operative Association and Atlantic Elevator Company, a corporation, be relieved from further liability in said matter.'

"That an appeal was duly perfected to the Supreme Court from said judgment and that no supersedeas bond was filed or judgment stayed by order of this court, and that during the period from the entry of the judgment by the trial court and the certifying of the records and exhibits on appeal, and as appears from the receipt on file in the Clerk's office, on August 2nd, 1932, the original storage tickets, including eleven (11) in number, being exhibits 5 to 15 inclusive, issued by the Courtenay Farmers Co-operative Association, and three additional storage tickets for 155 bushels and 10 pounds of red durham, 617 bushels and 10 pounds of durham wheat and 56 bushels and 14 pounds of flax, issued by the Atlantic Elevator Company, including all of the storage tickets that were in evidence in this case, were removed from the office of the Clerk of the District Court and receipt left therefor with the Clerk, after the same had been offered in evidence upon the trial and after judgment had been entered, and without order of court that same be removed, and upon making up the record on appeal appellants were unable to discover the original exhibits or any copies thereof, and upon demand copies of said exhibits were replaced in the office of the Clerk of the District Court and certified to the Supreme Court on appeal and became a part of the evidence upon which the matter was considered in the Supreme Court, and that these storage tickets cover the grain set forth in the original judgment, and that thereafter the Supreme Court rendered its decision modifying the judgment of the District Court and upon the filing of the remittitur of the Supreme Court in District Court this court entered its order for the entry of judgment in accordance with the decision of the Supreme Court, establishing said liens pursuant to the decision of the Supreme Court, after which, under directions of said decision, the order for judgment provided further as follows:

" 'That the aforesaid lienholders and each of them, are entitled to

judgment against the defendants, S. M. Posey, Carl Engle, Ben Engle and John Doyle, for the amount of their respective claims as herein established, and for a foreclosure of their liens and a sale of the aforesaid grain, and for their costs;

" 'That the grain hereinbefore described, and which includes all grain deposited with the Clerk of this court by the defendants, Courtenay Farmers Co-operative Association and the Atlantic Elevator Company, raised upon said described land during farming season of 1930, be sold by the Sheriff of Stutsman County, North Dakota, under special execution and in accordance with the law and practice of this court relative to sales of personal property under execution; that the legal taxable costs of such sales be first paid out of the proceeds therefrom, and that the balance be applied to payment of the aforesaid liens according to their priority as hereinbefore established;

" 'That said lienholders and judgment creditors have execution for any deficiency against the defendants, S. M. Posey, Carl Engle, Ben Engle and John Doyle.'

"And that judgment was entered in this court on the said order for judgment pursuant to the decision of the Supreme Court and that it appears that said original storage tickets are not now in the office of the Clerk of this court as the same were directed and deposited and disposed of under said judgment.

"That under the records and proceedings in this case had, and upon all of the showing made upon this motion, the fact appears that final judgment has been entered in the above case and that substitution has been made for evidence removed, that is, storage tickets removed without order of this court, and that it appears that the parties now complaining through this motion stand in the same position as any party would stand who had been injured by execution of a judgment during appeal which had been reversed not having been stayed on appeal or they are in such position as they now find themselves and that as far as the evidence is concerned it has been replaced in court by substituted copies.

"Now, THEREFORE, IT IS HEREBY ORDERED, that the motion herein is hereby denied, but without prejudice to movants and any parties interested injured, in the making of any claim or the institution of any

action proper for the recovery of any injury suffered or damages sustained by reason of the removal of the original evidence or the said storage tickets from the Clerk's office and file, or any other act caused to be done from which injury has been sustained by the parties making this motion.

"Dated this 30th day of October, 1934.

"By the Court:

"R. G. McFarland, *Judge.*"

The orders deny any remedy in the main action or the remedy by way of a summary application after judgment but without prejudice to the institution of a proper action. As claimed by counsel for defendant elevator companies in his argument, the remedy is another action in conversion, and it is the further contention that they are not appealable orders. There is no merit to either contention. The orders involved are final orders denying summary applications after judgment and under subdivision 2 of § 7841 are appealable.

In the case of St. Paul, M. & M. R. Co. v. Blakemore, 17 N. D. 67, 114 N. W. 730, an order had been made directing the clerk of court to retain in his possession certain moneys paid to him until the final determination of a certain tax proceeding pending in such court. The court said: "It is 'a final order affecting a substantial right, . . . made upon a summary application in an action after judgment,' and hence was appealable under subdivision 2, § 7225, Rev. Codes 1905. See Greely v. Windsor, 2 S. D. 361, 50 N. W. 630; Lewis v. Chicago & N. W. R. Co. 97 Wis. 368, 72 N. W. 976; Weber v. Tschitter, 1 S. D. 205, 46 N. W. 201; 2 Cyc. 600, note 34 and cases cited. It was also appealable under subdivision 4, § 7225, Rev. Codes, which provides for an appeal from an order 'when it involves the merits of an action or some part thereof.' See Holmes v. Campbell, 13 Minn. 66, Gil. 58; North v. Webster, 36 Minn. 99, 30 N. W. 429; People's Ice Co. v. Schlenker, 50 Minn. 1, 52 N. W. 219."

In garnishment, where the judgment against the garnishee has been reversed on appeal, an order requiring the plaintiff to restore to the garnishee the amount collected on the judgment appealed from is within Laws 1895, chap. 212, subd. 2, providing that an appeal lies to the supreme court from a final order affecting a substantial right, made in

special proceedings or upon summary application in an action after judgment. Lewis v. Chicago & N. W. R. Co. 97 Wis. 368, 72 N. W. 976.

An order refusing to set aside a judgment is a final order affecting a substantial right made upon a summary application after judgment and as such is appealable to the supreme court notwithstanding the judgment is less than one hundred dollars. Purcell v. Kleaver, 98 Wis. 102, 73 N. W. 322; Milwaukee Electric Crane Mfg. Corp. v. Feil Mfg. Co. 201 Wis. 494, 230 N. W. 607; Bailey v. Scott, 1 S. D. 337, 47 N. W. 286; Ledebuhr v. Grand Grove, O. D. 97 Wis. 341, 72 N. W. 884.

In the case of Agricultural Bond & Credit Corp. v. Courtenay Farmers' Co-op. Asso. 64 N. D. 253, 251 N. W. 881, supra, this court said: "The Larson Oil Company filed a petition for rehearing objecting to the storage charges made a first lien on the grain from the date of the order authorizing the deposit of the storage receipts with the clerk of the court until the legal sale of the grain.

"It is true that some statement was made in the oral argument that the grain had been sold and disposed of, but that is no part of the record, and whether there was a sale and a conversion of the grain by the elevator companies the court has not attempted to decide and does not decide, but we hold that there was a legal deposit of the warehouse receipts with the clerk of court. The affidavits for each deposit describe and name the different lien holders, the amount of the liens and the kind of grain and the number of bushels covered by each warehouse receipt and the affidavits and the orders for deposit are filed in the case and are a part of the judgment roll.

"It was also stated in the oral argument, by the attorneys for the elevator companies, that they only 'claimed storage during the time the grain was on deposit, after the deposit was made in court,' and that, as a matter of course, is all the elevator companies would be entitled to and this they are entitled to on the record as made."

It is clear from this record that after the defendant elevator companies deposited the storage receipts in the custody of the law, they, by and through their attorneys and without authority of law, withdrew the storage receipts, sold the grain and there has been no accounting

of the proceeds for the payment of the liens as contemplated by the provisional remedy of deposit in court and the final judgment rendered ordering the sale of the said grain and the payment of the liens in order of their priority.

This is a summary application by motion to aid in the enforcement of a judgment in an equitable action to foreclose many liens against a large quantity of grain, by requiring the return of the storage receipts wrongfully taken from the custody of the court, in which the action was pending.

The power of the court over moneys in its custody continues until they are distributed pursuant to final decrees in the cases in which the moneys are paid, and if from any cause such moneys are previously withdrawn without authority of law, the court can, by summary proceedings, compel their restitution. Until a decree of distribution is made and enforced, the summary power of the court to compel restitution remains intact. Moneys paid into court to the credit of a suit in equity in the same court are to be disposed of in that suit, and no orders relating to such moneys can properly be made in another suit which does not include the same parties as the former suit. 12 R. C. L. 681, §§ 5 and 6. Osborn v. United States, 91 U. S. 474, 23 L. ed. 388; Sweet v. Jacocks, 6 Paige 355, 31 Am. Dec. 252; Re Rochester, 136 N. Y. 83, 32 N. E. 702, 19 L.R.A. 161; Gregory v. Boston Safe Deposit & T. Co. 144 U. S. 665, 36 L. ed. 585, 12 S. Ct. 783; Wolfe v. Lewis, 19 How. 280, 15 L. ed. 643.

"In case money is improperly paid out of court, the person rightfully entitled thereto may proceed by a motion to compel its restoration. The statutes of limitation are not a bar to such a proceeding, and the order of restoration may be enforced not only by execution against the property of the person in wrongful possession of the fund, but also by commitment for contempt, by striking out his answer, or by other appropriate process." 18 C. J. 778. Citing Hafker v. Henry, 5 App. Div. 258, 39 N. Y. S. 134; Allstadt v. Cortner, 31 Ont. Rep. 495; Devlin v. Hinman, 161 N. Y. 115, 55 N. E. 386; Sanger v. Corsicana Nat. Bank (Tex. Civ. App.) 87 S. W. 737, 91 S. W. 1083.

After the return of the remittitur to the district court, and on the 23rd day of July, 1934, judgment was ordered and entered in the

district court requiring the sale, by the sheriff under special execution, of all the grain represented by said storage receipts, the proceeds to be applied to the payment of the liens and costs. If the storage receipts had remained in the custody of the court they would have been disposed of as provided in the judgment and the lien holders would have received, in payment of their liens, their proportionate share of the proceeds of the sale of the grain at that time. Through the fault of the elevator companies the warehouse receipts cannot be returned.

It follows that the lien holders are entitled to the value of the grain represented by said storage receipts on the 5th day of September, 1934, subject to legal charges,—that being the date upon which the special execution was served upon the defendants and their attorney, J. A. Coffey, as shown by the sheriff's return on said execution.

The orders are reversed, with costs to appellants and the case is remanded to the district court for further proceedings conformable to law.

CHRISTIANSON, MORRIS, NUESSLE and BURR, JJ., concur.